## THE STATE OF IOWA v. McCLEARY.

1. Intoxicating liquors: FEDERAL LICENSE. A license issued under the act of Congress, approved July 1st, 1862, entitled "An act to provide internal revenue to support the government and to pay interest on the public debt," does not authorize the licensee to sell intoxicating liquors in violation of the prohibitory laws of the State.

*Appeal from Des Moines District Court.*

### WEDNESDAY, JUNE 29.

AN indictment for a nuisance created and continued at a given locality within said county, by means of selling and keeping for sale intoxicating liquors. Plea, not guilty; also, a special defense to the effect that the defendant held a license from the government of the United States, for which he paid twenty dollars, for the privilege of retailing spirituous liquors in the city of Burlington, Iowa, which license had been issued and paid for in pursuance of an act of Congress approved July 1st, 1862, entitled, "An act to provide internal revenue to support the government and to pay interest on the public debt." The court sustained

a demurrer to this special plea, after which the defendant was duly tried, convicted, and fined twenty dollars and costs, from which he takes an appeal.

*Hall & Hall* and *Browning* for the appellant.

*Nourse*, Attorney-General, for the State.

LOWE, J. — Two grounds of error are assigned and pressed upon our notice.

1. INTOXI-CATING LIQUORS: federal license.
1st. It is claimed that the court should not have sustained the demurrer to the defendant's special plea.

2d. That the court had no power or jurisdiction over the offense specified, and erred in giving judgment against the defendant.

This last objection has been so frequently considered and determined by us, that we shall leave it upon the authority of the cases already decided.

It may be that this want of jurisdiction under the State law, however, is urged upon the ground that the late act of Congress, referred to in the statement of this case, has taken it away by virtue of the license which it grants to trade and traffic in liquors. If so, we will notice this question in connection with the alleged error committed by the court, in sustaining the demurrer to the special plea, the substance of which we have already given. It is manifest that this special defense proceeds upon the idea that whatever power the court possessed over this offense heretofore, under the statutes of the State, is now lost or annulled by the paramount authority of the act of Congress aforesaid. We can readily conceive how this might have become a somewhat embarrassing question upon the hypothesis that a license from Congress, or under an act of Congress to deal in liquors by the retail, would carry with it as an incident, the right to sell, but at the time

Congress passed that law it was not ignorant that there were some States which had passed acts for the suppression of intemperance, or enacted what are termed prohibitory liquor laws, and hence, to avoid any conflict of jurisdiction it made special provision in said act to meet such cases, and therefore it was further enacted, " that no license hereinbefore provided for, if granted, shall be construed to authorize the commencement or continuation of any trade, business, or occupation or employment therein mentioned, within any State or Territory of the United States, in which it is or shall be specially prohibited by the laws thereof, or in the violation of the laws of any State or Territory, &c. § 67, Sessions Laws of Congress, of the year 1862, page 159.

This section, whilst it remains in force, disembarrasses the State and national government of all conflict of jurisdiction on this subject, and it follows that a license under this law, in the hands of the defendant, affords him no immunity from the penalty that should follow a violation of our own prohibitory liquor law; and hence it follows that the demurrer to the special plea aforesaid, was properly sustained, and, there being no error, the judgment is

Affirmed.