## THE STATE OF IOWA v. STUTZ.

1. **Intoxicating liquors:** CASE APPROVED. The case of *The State of Iowa v. Adams, ante,* approved.

2. —— FEDERAL LICENSE. A license issued by a United States revenue officer for the sale of intoxicating liquors, is no justification for a violation, by the licensee, of the laws of the State of Iowa prohibiting the sale of such liquors for certain purposes; neither does it raise a presumption of guilt.

*Appeal from Polk District Court.*

SATURDAY, JUNE 16.

THIS case presents the same points as those disposed of in the case of *The State of Iowa* v. *Adams,* just delivered, and one additional point. The defendant appeals.

*J. M. Ellwood* and *Finch, Clark & Rice* for the appellant.

*F. E. Bissell*, Attorney-General, for the State.

COLE, J.—The points in this case, which are the same as in the cases just decided, are ruled the same as therein.

1. INTOXI-CATING LIQUORS: case approved.

2. —— federal license.

On the trial of this case the defendant offered in evidence a license as retail liquor dealer duly issued to him by the United States collector of revenue for the fifth collection district of Iowa, under the United States revenue laws.

This license was received in evidence without objection. After the evidence was closed, the court instructed the jury that " the license from the United States revenue officer is no justification or defense; but if offered by the defendant may be considered by the jury as a circumstance tending to show the commission of the offense by the defendant."

Under the statutes of this State, the sale of intoxicating liquors in certain cases is lawful. For instance, it is legitimate, legal and proper for a person in this State, duly authorized, to sell intoxicating liquors for mechanical, medicinal or culinary purposes. But in order to do this, he would be required not only to procure the appointment for that purpose under the State authority, but also to procure a license from the United States revenue officer. Since, therefore, a person may properly and legally engage in the retail of intoxicating liquors for certain purposes and is required by law, in order to do so, to procure a license as such dealer, it would seem to be a very severe and unjust law that would make such legal and necessary act presumptive evidence of a crime. The United States license affords no protection to the person holding it from the penalties incurred by the violation of the State law, and confers no authority to violate such laws, nor does the procuring of such license, or the offering of it in evidence,

become a circumstance tending to show, or afford any presumption of, a criminal or penal act. It was error to give the instruction, and for this cause the judgment is

Reversed.