BOSLER v. BOOGE ET AL.

1. **Jurisdiction**: REMOVAL OF CAUSES: FEDERAL STATUTE. A suit cannot be removed from the state to the federal courts on the ground that there is a controversy therein between citizens of different states, before any pleading has been filed by the defendant showing the existence of such controversy. Following *Stanbrough v. Griffin*, 52 Iowa, 112.

*Appeal from Woodbury Circuit Court.*

THURSDAY, JUNE 24.

ACTION to foreclose a mortgage. A portion of the defendants named filed a petition for a removal of the case to the

Circuit Court of the United States, averring that there is a controversy, and that the controversy in the suit is between citizens of different states, and that the matter and amount in dispute exceeds, exclusive of costs, the sum of five hundred dollars. No answer was filed by any of the defendants. The plaintiff filed an objection to the petition for a removal on the ground that the petition does not show or state that said petitioners have any defense to plaintiff's cause of action, and said petitioners have neither answered or pleaded to plaintiff's petition. The court denied the petition for removal, and the petitioners appeal.

*Chase & Taylor*, for appellants.

*Joy & Wright*, for appellee.

ADAMS, CH. J.—The statute provides for a removal "in any suit of a civil nature in which there shall be a controversy," etc. It was held in *Stanbrough v. Griffin*, 52 Iowa, 112, that it must appear that there is a controversy in the suit. Where no answer or other pleading is filed showing a defense, and especially where, in the absence of any answer or other pleading, the petition for a removal does not show that there is a defense, we are unable to see how it can be properly said that there is a controversy in the suit.

1. JURISDICTION: removal of causes: federal statute.

The appellant claims that the petition is sufficient in form, and that this must be deemed sufficient under the ruling of the Supreme Court of the United States in *The Delaware Railroad Construction Company v. The Davenport & St. Paul R. R. Co.*, not yet reported.

In our opinion this case does not sustain the appellant. On the other hand, the court say: "We fully recognize the principle heretofore asserted in many cases, that the state court is not required to let go its jurisdiction until a case is made, which, upon its face, shows that the petitioner can remove as a matter of right."

The appellee in the case at bar contends that a case is not made, which, upon its face, shows that the petitioner can remove as a matter of right, because it does not appear that there is a controversy in the suit. In our opinion the position is well taken.

AFFIRMED.