HON. AUSTIN ADAMS, CHIEF JUSTICE.
  " WILLIAM H. SEEVERS,
  " JOSEPH R. REED,           ⎱ JUDGES.
  " JAMES H. ROTHROCK,       ⎰
  " JOSEPH M. BECK.

---

## McLANE ET AL. v. LEICHT.

1. **Removal of Cause to Federal Courts:** PLEADING LEGAL CONCLUSIONS. Before a cause can be removed to the federal courts on the ground that it involves a controversy between citizens of the same state arising under the constitution and laws of the United States, the fact that there is such a controversy must be ascertained from an inspection of the pleadings; and for this purpose mere conclusions of law contained in the pleadings cannot be considered.

2. **Intoxicating Liquors:** NUISANCE: ABATEMENT: COMPENSATION: CONSTITUTION OF UNITED STATES. Ever since the year 1855, in this

state, the building or place where prohibited liquors have been kept or sold has been declared a nuisance, and provision has been made by statute for its abatement. Chapter 143 of the Laws of 1884, in providing that such nuisance may be enjoined, merely provides an additional remedy for the enforcement of the law; and before a defendant in such an action can claim that he is about to be deprived of his property without compensation, in violation of the constitution of the United States, he must show that such property was owned by him, or those under whom he claims, and that it was used for the sale of intoxicating liquors, prior to the enactment of the statute of 1855.

3. **Due Process of Law:** PROCEEDING IN EQUITY. A proceeding in equity is due process of law within the meaning of the federal constitution.

4. **Jury Trial:** FEDERAL CONSTITUTION. The constitution of the United States has no bearing on the question of the right of trial by jury in the state courts.

5. **Intoxicating Liquors:** RIGHT OF STATE TO PROHIBIT. In the argument of the second point, *ante*, it is said that the state and federal courts have uniformly affirmed that the state has the right and power to prohibit the sale of intoxicating liquors as a beverage.

*Appeal from Des Moines District Court.*

TUESDAY, OCTOBER 5.

ACTION IN EQUITY. The facts are stated in the opinion. The relief asked by the plaintiffs was granted, and the defendant appeals.

*P. Henry Smyth & Son* and *S. L. Glasgow*, for appellant.

*Newman & Blake*, for appellees.

SEEVERS, J.—The petition states that plaintiffs are citizens of the county of Des Moines, and that defendant, in said county, in a building situate on a part of lot No. 197, in the city of Burlington, has established, and is now maintaining, a place for the sale of intoxicating liquors as a beverage, contrary to the laws of Iowa, and has sold, and continues to unlawfully sell, intoxicating liquors at said place,

whereby he has established, and is now establishing, a nuisance, to the great injury and damage of the plaintiffs and other citizens, and of their peace and safety; that defendant is the owner of the lot and building aforesaid, and also of certain whisky, beer and other intoxicating liquors kept for illegal sale, as aforesaid, and also of certain furniture and fixtures on said premises, used in said business. The relief asked is that an injunction may be issued restraining the defendant from carrying on said business, and that the nuisance be abated.

The defendant answered the petition, and admitted that he was the owner of the real estate described in the petition, and the brick building situated thereon; and also stated that "many years prior to the enactment by the legislature of the state of Iowa of the law under which this action is brought, to-wit, chapter 143 of the Acts of the Twentieth General Assembly of said state, said building was erected by the defendant's grantor, for the express purpose of being used as a place for the sale of beverages such as the law at that time authorized and permitted; that said premises were erected and fitted up at great expense, and adapted to said particular use, and that, before the enactment of said law, the defendant, with a view of such use hereinbefore described, purchased said property at a cost of $13,000, to be so used by him in a business at that time authorized by the laws of the state; that the use of the premises for said purpose is to him of great value, to-wit, of the value of $2,000 per annum; that if said law is held to be operative and constitutional, and he is prohibited from using said building for the purposes for which it was erected and fitted up, great loss and damage will result to defendant, and his property will be thus destroyed and taken from him without compensation, and without due process of law; and defendant claims and submits, upon advice of counsel, that said law is in conflict with the fourteenth amendment to the constitution, and therefore void. It is further stated in the answer that the

defendant, in his business aforesaid, has dealings with the citizens of the state of Illinois, who are his customers in said business, and to give effect to said act of the legislature of Iowa will interfere with such business between the defendant and such citizens of the state of Illinois as desire to deal with him, and thereby deprive him of a right which he believes himself entitled to, and that said act is in conflict with the fourteenth amendment to the constitution of the United States, and section 8, art. 1, of said constitution. It is further stated in the answer that section 12 of said act of the legislature of Iowa is in conflict with the constitution of the United States, because it is a penal statute, and cannot be enforced by a suit in equity; nor can such an action be maintained to enjoin or punish for a crime committed, or about to be committed. The defendant also filed a petition, asking that the cause be removed to the circuit court of the United States, on the ground that the matter and amount in dispute in this suit exceeds, exclusive of costs, the sum or value of $500, and that the controversy in said suit involves questions arising under the laws and constitution of the United States. The court overruled the petition, and from such order the defendant appealed.

I. The plaintiffs and defendant are citizens of this state; and, if this action is removable from the state to the federal

1. REMOVAL of cause to federal courts: pleading legal conclusions. courts, it is removable under the act of congress of March 3, 1875, which provides, in substance, that controversies between citizens of the same state, arising under the constitution and laws of the United States, may be removed from the state to the United States courts. 18 U. S. St. at Large, 470. Under this statute, there must exist such a controversy, and the petition for removal so stated. It is obvious, however, we think, that the court is not bound hand and foot by this statement, which, at most, is but a legal conclusion. Before there can be such a removal the court must determine that there is such a controversy. This is the plain import of the statute.

For this purpose we must ascertain what the issue is, and what is in controversy, by an examination of the pleadings. The supreme court of the United States has said: "We fully recognize the principle, heretofore asserted in many cases, that the state court is not required to let go its jurisdiction until a case is made which upon its face shows that the petitioner can remove as a matter of right." *Bosler v. Booge*, 54 Iowa, 251. None of the allegations in the petition are denied in the answer. It, therefore, under our system of pleading, must be deemed to be true. Whatever controversy or federal question there is, arises on the answer, and it is therein stated that many years prior to the enactment of the statute under which the action is brought said building was erected and used "as a place for the sale of beverages such as the law, at that time, authorized," and that the plaintiff purchased said property for the purpose of being used by him in "a business at that time authorized by the laws of said state." This is nothing more or less than the statement of a legal conclusion that, under the laws of the state, the sale of the beverages referred to was, at that time, lawful. This is not sufficient. The time should have been stated, so that the court could determine whether the conclusion of the pleader was correct or not. *Bartemeyer v. Iowa*, 18 Wall., 129.

It is insisted in argument by counsel for the defendant that the constitution of the United States, and amendments thereto, contain provisions "denying to the states the right to abridge the privileges and immunities of the citizens of the United States, and to deprive any person of liberty or property without due process of law, to take private property for public use without just compensation, or regulate commerce between the states;" and on these grounds it is said the case is removable. At the present day it cannot be doubted that the state has the right and power to prohibit the sale of intoxicating liquor as a beverage. The courts,

2. INTOXICAT-
ING liquors:
nuisance:
abatement:
compensa-
tion: consti-
tution of
United States.

both state and federal, have uniformly affirmed the existence of such right. It therefore becomes material to ascertain what has been the legislation in this state on that subject.

In 1851 an act was passed prohibiting the sale of intoxicating liquors "by the glass or by the dram;" and the "sale in any quantity, with a view to its being drank in or about the premises, is a selling by the dram;" and the places "commonly known as dram-shops" were "prohibited and declared public nuisances," and it was provided that such nuisances should be abated. Chapter 55 of the Code of 1851.

In 1855 an act was passed absolutely prohibiting the manufacture or sale of intoxicating liquors, including ale, porter, lager beer, cider, and all wines, except cider and wine made from apples or fruits grown in this state; and the buildings or erection in which the sale or manufacture of such prohibited liquors was carried on were declared a nuisance, and provisions were made for their abatement. Chapter 45 of the Laws of the Fifth General Assembly. This statute has never been repealed, but has been in some respects modified. So far, however, as the question involved in this case is concerned, such statute must be regarded as having been in full force and effect when this action was commenced.

The particular statute of which complaint is made is chapter 143 of the Acts of the Twentieth General Assembly. It simply amends the prior statute by making the law more effective, as the legislature thought, increasing the penalties for its violation, and prescribing additional remedies for its enforcement. It is true, however, that certain sections or provisions of the prior law were repealed, but other provisions were enacted in their stead. When the repeal took effect, the new statute was in force; so that at all times there has been in force in this state, since 1855 at least, a statute prohibiting the sale of intoxicating liquors, except wine and beer, which exception was made in 1858. Chapter 157, of

the Acts of the Sixth General Assembly, and chapter 143 of the Acts of the Seventh General Assembly. The statutes just mentioned were subsequently repealed, and thereafter the sale of wine and beer became unlawful.

Under the statutes in force since 1855, the building or place where the prohibited liquors were kept or sold was declared a nuisance, and provision was made for the abatement of the nuisance. Chapter 143 of the Acts of the Twentieth General Assembly provides that such nuisance may be enjoined. This is merely an additional remedy provided for the enforcement of the law. Now, before it can be said that the defendant has been unlawfully deprived of his property without compensation, as provided in the constitution of the United States, it must be made to appear that such property was owned by the appellant, or those under whom he claims, prior to the enactment of the statute in 1855. This does not appear, is not claimed, and cannot, we think, be true.

The statements of the petition must, as we have said, be deemed to be true, and therefore, at all times since the time above stated, his building was an unlawful structure, and liable to be abated as a nuisance. This he was bound to know when he purchased it, and therefore he has not been unlawfully deprived of his property. It is only upon the theory that he owned the property prior to the enactment of the law that it can be claimed that there is a controversy arising under the constitution and laws of the United States. It seems to us that, when it was determined that the state had the right to prohibit the sale of intoxicating liquors, all other questions made were included in that determination; and this we understand to be the conclusion reached in *Bartemeyer v. Iowa*, before cited, which, to some extent at least, sustains the views herein expressed, unless, possibly, it

3. DUE process of law: proceeding in equity.

can be said that the defendant may be deprived of his property without due process of law. But a proceeding in equity undoubtedly should be

classed as due process of law, and we do not understand that
4. JURY trial: the constitution of the United States has any
federal con-
stitution. bearing on the question of the right of trial by
jury in the state courts.

AFFIRMED.