JUDGE v. ARLEN ET AL.

THE SAME v. CARSTENSEN ET AL.

THE SAME v. FEDDERSON ET AL.

1. **Nuisance:** INTOXICATING LIQUORS: ABATEMENT: VESTED RIGHTS: REMOVAL OF CAUSES TO FEDERAL COURTS. Plaintiff sought to abate as nuisances certain places kept for the unlawful sale of intoxicating liquors. Defendants, by proper petitions, sought to have the causes removed to the federal courts on the ground that, long prior to the passage of the statute under the provisions of which the actions were brought, they had purchased the real estate described in the petitions for the purpose of selling beer thereon, and had procured fixtures and furniture for said business, and placed them on the real estate, and that the same were not fitted for any other business, and would be rendered practically valueless if they should be enjoined from carrying on said business, and thus they would be deprived of their property without compensation and without due process of law. *Held* that no federal question was involved, and that it was error to grant the petitions for removal. (*McLane v. Leicht,* 69 Iowa, 401, followed.)

2. **Removal to Federal Courts:** APPEAL: BETTER PRACTICE. Where the petition for the removal of a cause to the federal courts has been

Judge v. Arlen et al.

granted, and the plaintiff desires to contest the legality of such removal, it is the better practice to move in the federal court to have the case remanded, rather than to appeal to this court, since the decisions of the state courts in such cases are not binding on the federal court.

## *Appeal from Clinton Circuit Court.*

### WEDNESDAY, MARCH 9. ·

ACTION IN EQUITY. The relief asked was denied, and the plaintiff appeals.

*Henry Rickel*, for appellant.

*Ellis & McCoy, W. C. Grohe* and *A. Howat*, for appellees.

SEEVERS, J.—The petitions in the above-named cases are substantially alike, and state that the defendants are engaged in selling, keeping and maintaining a place for the sale of intoxicating liquors, thereby creating a nuisance; and the relief asked is that the nuisance be enjoined and abated. The defendants severally answered the petitions, denied the allegations thereof, and asked that the causes be removed to the federal court upon the ground that a federal question was involved. A proper and sufficient petition was filed asking such removal, in which the federal question was, in substance, stated to be that, long prior to the passage of the statute under the provisions of which the action was brought, the defendant had purchased the real estate described in the petition for the purpose of selling beer thereon; and procured fixtures and furniture for such business, and placed them on the real estate; and that the same were not fitted for any other business, and would be rendered practically valueless if they should be enjoined from carrying on said business, in which they had been lawfully engaged for many years. We understand the federal question stated in the petition to be that, if the statute is enforced, as the plaintiff claims it should be, the effect will be to deprive the defendants

1. NUISANCE: intoxicating liquors: abatement: vested rights: removal of causes to federal courts.

of their property without compensation and due process of law, and therefore the statute conflicts with the constitution of the United States. The application for the injunction was made to the judge of the circuit court in vacation, and, upon filing the petition for removal, he held that a federal question was involved, and refused to proceed any further with the hearing. In so holding we are of the opinion that he erred.

It is to be regretted that the state courts are called upon to determine questions in relation to the removal of causes

2. REMOVAL to federal courts: appeal: better practice.

to the federal courts. Such decisions are not binding on the federal courts, and may be reviewed therein; and, as the supreme court of the United States is of necessity the court of last resort in such cases, to prevent unseemly conflicts of jurisdiction, the state courts must regard the decision of the federal court as to such questions as final and conclusive on them. It would therefore seem to be the better practice, when a petition for removal is presented to the state court, and a decision is made, or if the court entertains the petition, but refuses to proceed and try the case, to remove the record to the federal court, and move to remand before appealing to this court. But, as this course has not been adopted, it becomes our duty to determine whether the judge or court below erred in holding that a federal question was involved. To enable us to do this, it is necessary to look into the petition for removal. This we think we are authorized to do, and that such is our duty.

The question presented by the record before us is not a new one, and we understand it to have been determined in *McLane v. Leicht*, 69 Iowa, 401, adversely to the holding below. It is not deemed necessary to add anything to what is said in that case. Counsel for the appellees cite and rely on *State v. Walruff*, 26 Fed. Rep., 178. The facts in that case are materially different, and the decision, we think, is clearly distinguishable.                    REVERSED.