WM. STOMMEL, Appellee, v. J. T. TIMBREL, Sheriff, Appellant.

1. **Removal of Causes:** JURISDICTION: LIQUOR NUISANCE. Criminal proceedings for maintaining a liquor nuisance, as described in section 1543 of the Code, are not removable to the circuit court of the United States, under section 641 of the Revised Statutes of the United States, upon the ground that the liquors kept and sold were manufactured in other states, and purchased there by the accused in the usual course of trade, and that the federal taxes had been paid thereon by the manufacturer, and also by the accused as a retail dealer; and the filing of a petition praying the removal of such proceedings upon this ground will not deprive the state court of jurisdiction.

2. ——: ——: ——. The fact that the internal revenue taxes paid by the manufacturer of such liquors were included in the price charged the accused in such proceedings, and were, therefore, indirectly paid by him, will not exempt him from liability under the statutes of this state prohibiting the sale of intoxicating liquors as a beverage.

3. ——: ——: APPEAL. Where a cause removed to the federal court has by the latter been remanded to the state court, an appeal from such order of the federal court will not deprive the state court of jurisdiction to proceed with the trial, where no *supersedeas* order is made, nor a bond filed.

*Appeal from Wapello District Court.*—HON. E. L. BURTON, Judge.

WEDNESDAY, JANUARY 27, 1892.

APPEAL from orders in *habeas corpus* proceedings made by Hon. E. L. Burton, judge of the second judicial district, at chambers in Ottumwa, Wapello county, releasing the plaintiff from custody of the defendant, as sheriff of Mahaska county, in the sixth judicial district, the plaintiff being held under judgments of the district court of Mahaska county, and writs of commitment issued thereon. The defendant appeals. *Reversed.*

*Byron W. Preston,* for appellant.

*Liston McMillen* and *W. H. C. Jacques,* for appellees.

GIVEN, J.—I. The record and proceedings in these ten cases being the same in all respects, except the names of the parties plaintiff, and involving the same question, they are submitted together. The following is a sufficient statement of the facts as shown in the pleadings, evidence and admissions for a correct understanding of the questions considered.

In February, 1891, the appellees were separately indicted by the grand jury of Mahaska county for the crime of causing a "nuisance," as defined in what is commonly called the "Prohibitory Law" (Code, section 1543.) On May first they each filed in the circuit court of the United States, southern district of Iowa, their petitions for removal of the cases to said court, under section 643, Revised Statutes of the United States, their bondsman having surrendered them in exoneration of bail. On May the eleventh each filed in the Mahaska district court his petition for removal and cessation of proceedings in that court, claiming the right to removal under sections 641, 642, Revised Statutes of the United States, and on May twelfth filed the same petitions in the United States circuit court. Under the first petition, writs of *habeas corpus cum causa* were issued by the clerk of the United States circuit court, and served by the United States marshal taking the appellees into his custody. They gave bond for their appearance in the United States court at the May term, and at that term the state of Iowa filed its motions to remand the causes to the Mahaska district court, and to remand the appellees to the custody of this appellant as sheriff of Mahaska county. These motions were sustained on May the thirteenth, and the

record thereafter made upon May the sixteenth showing that the writs were quashed and the causes remanded, and that the appellees were remanded to the custody of the appellant. In obedience to said orders, the marshal placed the appellees in the custody of the appellant as sheriff, and he detained them until they gave bail for their appearance at the Mahaska district court. The appellees were granted an appeal to the supreme court of the United States from the order of the circuit court remanding the cases, but no *supersedeas* or stay of proceedings was allowed, and no bailbond was given. No bond of any kind has been given in the federal court since the motion to remand was sustained. Pending these proceedings in the United States circuit court no action was taken in the cases in the district court. On May thirteenth, Hon. David Ryan, presiding judge of the Mahaska district court, having been notified by the presiding judge of the United States circuit court that the cases had been remanded, on May fourteenth postponed the trials until May nineteenth, and thereafter the causes were tried to a jury, and the defendants therein found guilty as charged. Thereupon the appellees filed their motions in arrest of judgment, upon the grounds, among others, that the district court had lost jurisdiction of the cases by reason of the removal to the United States circuit court, and the appeal taken from that court to the supreme court of the United States. These motions were overruled by the district court, and judgments pronounced against appellees that each pay a fine of five hundred dollars and costs, and stand committed to the jail of Mahaska county until said fine and costs are paid, not exceeding one day for every three and one third dollars of such fine and costs. On June 5, 1891, the appellees filed with Hon. E. L. Burton, judge of the second judicial district of Iowa, at Ottumwa, their petitions for *habeas corpus*. At this time, and all the time thereafter, during the pendency of the proceedings, Hon. J. K. Johnson,

one of the judges of the sixth judicial district, was in Oskaloosa, where the prisoners were confined in the jail. The petitions for the writ state "that application for this writ is not made to Hon. J. K. Johnson, judge, for the reason that he is prejudiced against your petitioner; that he cannot obtain justice before the most convenient judge in point of distance."

Copies of the petitions for removal are set out as exhibits to the petitions for the writ of *habeas corpus*. They state as the facts upon which the removals were claimed the following: That the liquors kept and sold were purchased in the usual course of trade; that the federal tax thereon had been paid, and that the appellees had each paid special tax as retail dealers; and that the liquors kept and sold were manufactured in other states, and shipped therefrom by the petitioners into this state. They also state that during the time covered by the indictment, the place of delivering liquors sold by them at retail was in or about the premises or other points designated by the purchasers, and that such liquors were drawn from the original packages in which they were brought from other states at the time of selling the same. The questions presented upon this showing may be resolved into two inquiries, namely: Whether upon the showing made, his honor, Judge Burton, had authority to entertain the applications and grant the writs; and, if he had such authority, whether he erred in ordering the release of the petitioners.

II. It will be observed that the petitions for the writs and discharges are based upon the claim that the state court had lost jurisdiction of the cases against the petitioners by reason of the proceedings had in the United States circuit court, and that the judgments rendered therein are therefore void, and the detention of the petitioners thereunder illegal. That the state court did have jurisdiction is not questioned, but the inquiry is whether that jurisdiction was lost. The law is that a state court

1. REMOVAL
of causes:
jurisdiction:
liquor nui-
sance:

does not lose jurisdiction by the filing of a petition for removal, unless the petition shows upon its face that the case is removable. "The state court is not required to let go its jurisdiction until a case is made which upon its face shows that the petitioner can remove as a matter of right." *Bosler v. Booge*, 54 Iowa, 251; *McLane v. Leicht*, 69 Iowa, 401; *Delaware R. Const. Co. v. Davenport & St. P. Ry. Co.*, 46 Iowa, 407; *Crehore v. Ohio & M. Ry. Co.*, 131 U. S., 240; 9 Sup. Ct. Rep., 692. If a state court wrongfully refuses to let go its jurisdiction, one remedy is by *certiorari* from federal court under the act of congress. If these petitions did not show upon their face that the cases were removable there, the state court did not lose its jurisdiction. We have seen that the state court, and also the United States circuit court having jurisdiction of the question, decided that the petitions did not show that the cases were removable.

The appellees contend that the cases were removable under the following provision of section 641, Revised Statutes, United States: "When any civil suit or criminal prosecution is commenced in any state court, for any cause whatsoever, against any person who is denied or cannot enforce in the judicial tribunals of the state, or in the part of the state where such suit or prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction of the United States, or against any officer, civil or military, or other person, for any arrest or imprisonment or other trespasses or wrongs, made or committed by virtue of or under color of authority derived from any law providing for equal rights as aforesaid, or for refusing to do any act on the ground that it would be inconsistent with such law, such suit or prosecution may, upon the petition of such defendant, filed in said state court, at any time before the trial or final hearing of the cause, stating the facts and

verified by oath, be removed for trial into the next circuit court to be held in the district where it is pending."
The claim is that, under the law, citizens of other states had the right to bring intoxicating liquors into this state, and sell the same therein, and that by the law of the state under which the appellees are charged they were denied rights accorded to other citizens of the United States. These were questions which the state court had jurisdiction to hear and determine, and it could not be said in advance that the state court would not determine those questions according to the law. If upon the trial the court erred in ruling upon such questions, the remedy is by appeal to this court, and, if a federal question is involved, to the supreme court of the United States.

Removals, under section 641, are where there are denials of rights, or an inability to enforce them, resulting from constitution or laws of the state, and not from denials that can only be developed by a trial. The law of the state under which these parties were being prosecuted does not deny to them any right accorded to any other citizen of the United States, According to the petitions, these parties were each, during the times and at the places covered by the indictments, carrying on the business of keeping for sale and selling intoxicating liquors, delivered where sold, or at such other place as the purchaser designated. The liquors thus kept and sold were manufactured in other states, and purchased and shipped therefrom into this state by the petitioners, who paid special tax as retail liquor dealers, and sold by drawing from the original package in such quantities as purchaser desired. *Bowman v. Chicago & N. W. Ry. Co.*, 125 U. S. 465; 8 Sup. Ct. Rep. 689, 1062; *Leisy v. Hardin*, 135 U. S. 100; 10 Sup. Ct. Rep. 681—are relied upon. A noticable distinction between the manner in which the appellees conducted their sales and the sales of Leisy is that he sold in the original packages or kegs, unbroken

and unopened, while the appellees put their packages or kegs on tap, and drew therefrom and delivered to the purchasers such quantities as they desired. They were keeping common dramshops, such as under the law of Iowa are declared to be nuisances, the right to abate which and to punish the keepers has always been conceded as within the power of the state. That the appellees were violating the law of Iowa is not questioned, and we are not cited to nor aware of any decision which accords to any person the right to keep for sale and sell intoxicating liquors within this state, in the manner in which the appellees state they were doing. The petitions fail to show upon their faces that the appellees were denied by the constitution and laws of Iowa any rights accorded to them by the constitution and laws of the United States. As we have seen, the cases were not transferable in anticipation that the state court might on the trial deny such rights. For such denials the remedy is by appeal. See Dillon on Removal of Causes, sec. 60, and cases cited.

II. The appellees contend that the cases were removable under the following provision of section 643, Revised Statutes, United States: "Where any civil suit or criminal prosecution is commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States now or hereafter enacted, or against any person acting under or by authority of any such officer on account of any act done under color of his office or of any such law, or on account of any right, title or authority claimed by such officer or other person under any such law, or is commenced against any person holding property or estate derived from any such officer, and affects the validity of any such revenue law, or is commenced against any officer of the United States or other person, on account of any act done under the provisions of title 2, 'The Elective Franchise,' or on account of any right, title

or authority claimed by such officer or other person under any of the said provisions, the said suit or prosecution may, at any time before the trial or final hearing thereof, be removed." The claim is, that, as the internal revenue tax had been paid upon the liquors kept and sold by them, and that tax added to the price at the time they purchased, they thereby became tax payers to the federal government, under the internal revenue laws; and that, by reason thereof, and the payment of a special tax as liquor dealers, they were entitled to keep for sale and sell intoxicating liquors in this state.

It is questioned whether this section has any application to the cases, but this we do not determine, as we are clearly of the opinion that the payment of these taxes did not exempt the appellees from the provisions of the Iowa statute. That the payment of a special tax as liquor dealers is no defense in such prosecutions, is held in the following cases: *State v. McCleary*, 17 Iowa, 44; *State v. Carney*, 20 Iowa, 82; *State v. Stutz*, 20 Iowa, 488; *State v. Baughman*, 20 Iowa, 497. If the payment of this special tax, made directly by the dealer, is no defense to such a prosecution, then surely the fact that the producer paid tax on the liquors should be no defense. The argument is that, the amount of the tax being added to the price of the liquors, the appellees by their purchase became indirectly tax payers to the government. If this reasoning is sound, then it is the consumer who ultimately pays the tax. It is clear to our minds that, upon the facts stated in the petitions and under the decisions of this and other courts, the appellees were entitled to no exemption from the penalties of the law of Iowa because of the payment of these taxes to the federal government.

III. The learned judge who ordered the discharge of the appellees seems to have rested his action upon the fact that an appeal had been granted by the circuit court to the supreme court of the United States. This

appeal was allowed, but without permitting the appel-
lants therein to supersede the orders of the circuit court
remanding the cases to the state court and these
appellees to the custody of this appellant. The orders
remanding, not being superseded, were left in full
force. Therefore the jurisdiction of the state court was
not divested, but, upon the other hand, if divested by
previous proceedings, was restored thereby. We have
seen, however, that, as the petitions for removal did
not show upon their faces that the cases were remov-
able, the state court did not lose its jurisdiction. Such
being the character of the petitions, the appeal taken
thereon did not divest the district court of its juris-
diction.

We reach the conclusion that the order releasing
the appellees from the custody of the appellant was not
authorized by the record. This conclusion renders it
unnecessary that we consider the question made as to
the jurisdiction of his honor, Judge Burton, to receive
the applications and grant the writs. The appellant
will take and hold each of the appellees in his custody
under the judgments entered against them in the
district court of Mahaska county, and upon the pro-
cesses thereon in his hands, or, if the writs have been
returned, the clerk of said district court will forthwith
issue other writs of commitment upon said judgments,
according to the terms thereof. REVERSED.