## MILLEN v. CAPEN, Sheriff (two cases).

### Nos. 2918, 2919.

Circuit Court of Appeals, First Circuit.

Dec. 19, 1934.

Meyer H. Goldman, of Boston, Mass. (George Stanley Harvey, of Boston, Mass., on the brief), for appellants.

Charles B. Rugg, Sp. Asst. Atty. Gen. of Mass. (Edmund R. Dewing, Dist. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from an order of the District Court of Massachusetts of April 25, 1924, denying the appellants' petitions for a writ of habeas corpus cum causa, on the ground that the court was without jurisdiction.

It appears that the appellants and another person were jointly indicted in the Massachusetts superior court for the county of Norfolk for the crime of murder in the first degree, a capital case, and trial was set for April 16, 1934; that on April 10, 1934, the appellants filed waivers of trial by jury and motions to be tried by a justice of said court, which motions were denied; that prior to the beginning of the trial the appellants each filed in that court a petition for removal of the cause to the Federal District Court for Massachusetts under section 31 of the Judicial Code (R. S. § 641; USCA, title 28, § 74); that in each petition it was alleged in substance that the petitioner was denied his equal civil rights as a citizen of the United States (1) because the sentiment in Norfolk county, where the trial was to be had and from which the jury was to be drawn, was so prejudiced and biased as to prevent a fair and impartial trial by such jury, and (2) because, although they had waived trial by jury and sought to be tried by a judge of said court without a jury, being charged with a capital crime, they could not, under the Constitution and the laws of Massachusetts, as construed by its courts, be so tried, although, under its laws as thus construed, a person charged with a crime, other than capital, could waive trial by jury and be tried by a judge of that court; that, after hearing, the petitions were denied in the state court; that shortly thereafter other petitions for removal, of the same nature and alleging substantially the same facts and grounds for removal, were filed in the state court; that on April 23, 1934, the latter petitions were there heard and denied; that, thereafter, on the same day the appellants procured from the clerk of the state court certified copies of the indictment and other pleadings and papers in the cause and on

that day undertook to file the same and docket the case in the District Court, purporting to do so under the provisions of said section 31, but were not allowed so to do; that, thereafter, on the same day (April 23, 1934) the appellants each filed in the District Court a petition for leave to file a petition for the issuance of a writ of habeas corpus cum causa; that these petitions were granted April 25, 1934; that thereupon the appellants filed in the District Court petitions for the issuance of writs of habeas corpus cum causa alleging therein the presentation to and denial by the state court of their petitions for removal; that they had filed in the state court the aforesaid petitions for removal of the cause pursuant to section 31 of the Judicial Code (28 USCA § 74), that the petitioners were confined in jail in the county of Norfolk in the custody of Samuel H. Capen, sheriff of the county, to answer to an indictment for murder, that the judge of the state court had denied their petitions for removal, that the trial on the indictment had started or was about to start; that the petitioners' rights were prejudiced by the denial of the petitions to remove; that the state court had ordered the trial to proceed in violation of section 31 of the Judicial Code; and that the petitioners were unjustly and unlawfully detained in said prison in the custody of Capen, the sheriff, and are held in violation of the Constitution of the United States and the Amendments thereof and in violation of the statutes of the United States.

At the time here in question the statutory terms of the District Court for the Massachusetts District opened at Boston on the third Tuesday of March, the fourth Tuesday of June, the second Tuesday in September, and the first Tuesday in December. Section 167, title 28, USCA.

The errors assigned are that the court erred (1) in declining to issue a writ of habeas corpus cum causa; (2) in ruling that it had no jurisdiction; and (3) in denying the petition for a writ of habeas corpus cum causa.

The scope of the question presented by this appeal is a narrow one, much narrower than the briefs and arguments of counsel have dealt with. Counsel have argued the broad question whether the petitions for removal filed in the state court stated valid grounds for removal and therefore the court's refusal to issue the writ was error. But that question is not before us on this appeal for the cause had not been docketed in the District Court nor had the papers constituting the record been filed there, and, under section 31 of the Judicial Code (28 USCA § 74), could not be until "the next district court to be held in the district" (the fourth Tuesday in June), and then only "on the first day of its session." If the papers of record in the cause in the state court had been filed in the District Court on the opening of the June term in compliance with section 31, the writ of habeas corpus cum causa ordinarily would have been issued by the clerk as of course and the question whether the petitions for removal stated valid grounds therefor could have been raised on a motion to remand the case; and if the writ had not been issued on the filing of the record papers and objections to its issuance had been presented to the court, then the broad question would also be before it for decision. But neither of these situations is present here.

▆ The petitions for the writ presented to the District Court were insufficient in that they did not allege that the case had been docketed in the District Court or that the papers constituting the record in the state court had been filed there, and no doubt no such allegations were made for the reason that, if they had been, they would not have been in accordance with the facts.

The only question, therefore, before the District Court on the appellants' petitions and passed upon by it was whether, on the facts alleged in the petitions and disclosed at the hearing, it had jurisdiction to issue the writ; and that is the only question that will be considered here on this appeal.

Section 31 of the Judicial Code (Rev. St. § 641, USCA, title 28, § 74) provides:

"When any * * * criminal prosecution is commenced in any State court, * * * against any person who is denied or can not enforce in the judicial tribunals of the State, or in the part of the State where such suit or prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction of the United States, * * * such *. * * prosecution may, upon the petition of such defendant, filed in said State court at any time before the trial or final hearing of the cause, stating the facts and verified by oath, be removed for trial *into the next district court to be held in the district where it is pending.* Upon the filing of such petition all further proceedings in the State courts shall cease, and shall not be resumed except as hereinafter provided. But all bail and other security given in such

344

\* \* \* prosecution shall continue in like force and effect as if the same had proceeded to final judgment and execution in the State court. *It shall be the duty of the clerk of the State court to furnish such defendant,* petitioning for a removal, *copies of said process* against him, and of all pleadings, depositions, testimony, and other proceedings in the case. *If such copies are filed by said petitioner* in the district court *on the first day of its session,* the cause shall proceed therein in the same manner as if it had been brought there by original process; and *if the said clerk refuses or . neglects* to furnish such copies, the *petitioner* may thereupon *docket the case* in the district court, and *the said court shall then have jurisdiction therein,* and may, upon proof of such refusal or neglect of said clerk, and upon reasonable notice to the plaintiff, require the plaintiff to file a \* \* \* complaint in the cause; and, in case of his default, may \* \* \* dismiss the case at the costs of the plaintiff, and such dismissal shall be a bar to any further suit touching the matter in controversy. But if, *without such refusal or neglect of said clerk* to furnish such copies and proof thereof, the *petitioner for removal fails to file copies* in the district court, *as herein provided,* a certificate, under the seal of the district court, stating such failure, shall be given, and upon the production thereof in said State court the cause shall proceed therein as if no petition for removal had been filed."

And section 32 of the Judicial Code (Rev. St. § 642, USCA, title 28, § 75) provides:

"When *all the acts necessary for the removal of any* \* \* \* prosecution, as provided in the preceding section [section 74 of this title], *have been performed,* and the defendant petitioning for such removal is in actual custody on process issued by said State court, *it shall be the duty of the clerk* of said district court to issue a writ of habeas corpus cum causa, and of the marshal, by virtue of said writ, to take the body of the defendant into his custody, to be dealt with in said district court according to law and the orders of said court. \* \* \* "

As we understand and construe section 32 above quoted, it prescribes, as conditions precedent to the issuance of the writ of habeas corpus cum causa, that "all the acts \* \* \* provided in" the preceding section (section 31) as "necessary for the removal of any \* \* \* prosecution" shall have first been performed. The acts made necessary for removal under that section are, where the clerk of the state court has fur-

nished the defendant with copies of the process, pleadings, and other proceedings in the case, as here appears to have been done, that he shall file such copies in "the next district court to be held in the district" and "on the first day of its session."

It is apparent that these necessary acts, at the time the petitions in question were presented to the District Court for the issuance of writs of habeas corpus cum causa, had not been performed, and could not then have been performed, for the next statutory term of the District Court (the fourth Tuesday of June), on the first day of which the case and papers therein were to be filed, would not take place until some two months after the petitions for the writs were presented to the District Court.

The purpose for the issuance of the writ, as pointed out in the sections above quoted, is that the prisoner in the state court may be brought before the District Court, when the case has been docketed or the papers in it filed there, so that he may be heard in the cause and such disposition made of it as law and justice requires. It was never intended that the writ should issue and that he should be brought into the District Court before the cause was docketed or the record papers had been filed.

The orders of the District Court are affirmed.

MORTON, Circuit Judge.

I concur in the result. My views of the case are, however, so different from those of my associates that it may be helpful for me to state them. The purpose of section 31, speaking with reference to the present case, is to insure that persons accused of crime in state courts shall not be deprived of basic rights. Gibson v. Mississippi, 162 U. S. 565, 16 S. Ct. 904, 40 L. Ed. 1075. The statute does not deal with questions of law arising in the course of a trial. It is designed to protect fundamental rights which have been disregarded in the prosecution itself. Commonwealth of Kentucky v. Powers, 201 U. S. 1, 26 S. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692; Virginia v. Rives, 100 U. S. 313, 25 L. Ed. 667. Proceedings under the statute (28 USCA § 74) must be instituted "before the trial or final hearing of the cause." The statute applies to "any person who is denied \* \* \* any right secured to him by any law providing for the equal civil rights of citizens of the United States," etc. An actual denial of such rights is the foundation of jurisdiction in the federal court and of the

right to removal. Cases supra. Whether such denial is shown is for the federal court to determine.

The only question before us is whether the District Judge erred in his refusal to issue the writ of habeas corpus cum causa. Under the statute this writ is to be issued to obtain the body of the accused from the officers of the state court and thereby to complete the jurisdiction of the federal court over a case which is already before it, either by the filing of copies from the state court, or in the alternative way by docketing when copies have been refused. Until one or the other of these had been done clearly the writ ought not to have issued. There was no cause pending against the defendants in the federal court on which they could be held to answer. It is said by counsel for the defendants that the prescribed copies were in fact obtained and tendered to the clerk of the district court for filing; and that the clerk under instructions from the District Judge refused to accept them. Assuming this to be so, it would not open the way to an application for habeas corpus cum causa. The writ does not operate to transfer the cause—which is done in the manner prescribed by section 31 (28 USCA § 74) —but only to bring over the prisoner, and is not issued until the case has been entered in the federal court, nor unless the defendant is "in actual custody." It seems to me therefore that the District Judge was clearly right in refusing to issue the writ.

This is sufficient to dispose of the case; but in such matters courts are strongly inclined, as Bush v. Kentucky, 107 U. S. 110, 1 S. Ct. 625, 27 L. Ed. 354, shows, to overlook deficiencies in the record and technicalities of procedure in order to get at the merits of the controversy. If it be assumed in favor of the petitioners that their application to the District Judge for the writ ought to be regarded as including by implication application for an order permitting them to file the copies which they say they tendered to the clerk—although that fact does not appear in the record—and that the question as to the right of the petitioners to remove their case is before us, I still think that the District Judge's action was correct. Before permitting the removal papers to be filed he had the right, and perhaps the duty, to examine the petition for removal addressed to the state court and ascertain whether it presented a substantial ground for removal. Virginia v. Rives, 100 U. S. 313, 25 L. Ed. 667. As has been pointed out, there is under the statute no right of removal unless the defendants' civil rights have been violated

in the state proceedings. A petition which did not allege facts showing such violation would not be ground for any action by the state court or by the federal court. Virginia v. Rives, 100 U. S. 313, 25 L. Ed. 667; Commonwealth of Kentucky v. Powers, 201 U. S. 1, 26 S. Ct. 387, 50 L. Ed. 633, 5 Ann. Cas. 692; State of Ohio v. Swift & Co., 270 F. 141 (C. C. A. 6). In my opinion no such violation of the defendants' rights is shown on the face of their petition. The allegations of local prejudice, etc., state no ground for removal under this statute (cases supra); and the allegations that the petitioners are deprived of civil rights or constitutional rights because not permitted to waive a jury and be tried by a judge in the state court seem to me too clearly ill-founded in law to require discussion.