## PEOPLE OF STATE OF CALIFORNIA v. LAMSON.

Circuit Court of Appeals, Ninth Circuit.
Nov. 16, 1935.

E. M. Rea, of San Jose, Cal., and Leo R. Friedman, of San Francisco, Cal., for petitioner.

WILBUR, Circuit Judge.

The petition for leave to appeal is denied.

The statute regulating appeals from decisions in habeas corpus proceedings provides that such appeals shall only be allowed where the judge allowing it certifies that there is probable cause for the allowance. 28 U.S.C.A. § 466. No showing has been made which would justify such a certificate, and no claim is made that such a showing has been made.

██ The petitioner claims that he is entitled to appeal from the order denying him a writ of habeas corpus cum causa as a matter of right and that the allowance of the appeal is pro forma. This contention is predicated upon the statement that the writ applied for is something entirely different and distinct from the ordinary writ of habeas corpus—so distinct, in fact, that the statute regulating appeals in habeas corpus matters does not apply. On this assumption, however, the petitioner cites no statute or decision holding that such an order is appealable.

The decision relied upon by the petitioner in that regard is a recent decision by the Circuit Court of Appeals of the First Circuit, Millen v. Capen, 74 F.(2d) 342. That decision does not hold that the order denying the writ of habeas corpus cum causa is appealable on any theory other than the denial of writ of habeas corpus. Petitioner's contention may be summarized as follows: That upon filing with the superior court in and for the county of Santa Clara, state of California, a verified petition pur-

porting to comply with 28 U.S.C.A. § 74, jurisdiction over the case is automatically transferred from the state court to the federal court, and that it is the duty of the clerk of the District Court of the United States to issue a writ of habeas corpus cum causa if timely application is made therefor by the petitioner and that the act of the clerk is purely ministerial. If valid this contention leads to the conclusion that the order would not be appealable. There could be no appeal from a mere failure to perform a ministerial act. Petitioner's contention that there has been an automatic removal of the cause from the state to the federal court has been long settled adversely to his contention. Circuit Justice Bradley, Associate Justice of the Supreme Court, as early as 1878, in Ex parte Wells, 29 Fed.Cas. 633, 634, No. 17,-386, held as follows: "The state court surely is not bound to shut its eyes and yield to every application that comes to it. Though removal (when authorized) is a matter of right, and not of favor, yet the court must have the right to see whether the application to remove comes within the meaning of the law." Speaking of the duty of the clerk of the District Court, he said: "Of course, the writ should not be issued by the clerk without being allowed by a judge of the court, which is the regular course in issuing writs of habeas corpus and certiorari."

In Stommel v. Timbrel, 84 Iowa, 336, 51 N.W. 159, 160, the court states with reference to similar application: "The law is that a state court does not lose jurisdiction by the filing of a petition for removal, unless the petition shows upon its face that the case is removable. The state court is not required to let go its jurisdiction until a case is made which upon its face shows that the petitioner can remove as a matter of right.'" See, also, State v. Sullivan, 110 N.C. 513, 14 S.E. 796.

In Ex parte State of Alabama, 71 Ala. 363, the Supreme Court of that state had occasion to consider this removal statute in question here, and stated as follows: "The jurisdiction of the State court is not ousted by a mere application for the removal of a civil cause, or of a criminal prosecution to a Federal court. It is only when the application is in proper form, conforms to the act of Congress authorizing the removal, stating facts bringing the case within the provisions of the act, that it becomes the duty of the State court to yield obedience to the paramount law, and to cease the exercise of its original jurisdiction. It may err either in determining that the application presents a case in which it ought, or ought not to cease its original jurisdiction; the determination is subject to the jurisdiction and sentence of the Federal court, when the case finds its way into that court. The Federal court must determine its own jurisdiction, and whatever it may determine is the law of the court of the State."