THE STATE v. J. C. SULLIVAN et al.

*Jurisdiction—Removal of Causes to Federal Courts—Statutes, Construction of— Clerks and Deputies.*

1. Statutes depriving Courts of jurisdiction once attached are strictly construed, and every requirement of such statute must be met before the Court will yield its jurisdiction.

2. The jurisdiction of State Courts over the persons and subject-matter enumerated in the act of Congress (Rev. Stat., §643) does not cease upon the filing of the petition for removal in the Circuit Court; that result follows only when the petition setting forth the facts required by the statute has been duly filed, and the appropriate writ has been issued and made known to the State Court.

3. The filing of the petition and issuing of the writ are judicial acts which cannot, in the absence of statutory authority, be performed by a Deputy Clerk.

CRIMINAL ACTION, tried at February Term, 1892, of IREDELL Superior Court, *McIver, J.,* presiding.

The indictment charges the defendants with an assault and battery done with a deadly weapon. After the case was called for trial, but before the trial began, the Marshal of the United States in and for the Western District of North

110—33

Carolina served the Clerk of the Superior Court with a paper-writing below set forth, by leaving a copy thereof with him, signed by the Clerk of the Circuit Court of the United States at Statesville, in the Western District of North Carolina, by his deputy, the Clerk being absent. The defendant's counsel caused this paper-writing to be read before the Court, and " demanded that any further action in the cause by the State Court be stayed, considering that this action of the said Circuit Court gave the Circuit Court jurisdiction in the cause." The Solicitor for the State insisted that said writing was of no effect, and did not deprive the State Court of jurisdiction. The Court denied the motion to stay proceedings, and directed that the trial take plåce. The defendants " protested," excepted, and pleaded not guilty. There was a trial, and a verdict of guilty; a motion in arrest of judgment, which was denied; and judgment, from which the defendants appealed to this Court.

The following is a copy of the paper-writing above mentioned :

UNITED STATES OF AMERICA,     ⎱
Western District of North Carolina. ⎰

*The President of the United States of America to the Marshal
of the Western District of North Carolina*—Greeting:

You are hereby commanded to make known to J. H. Hill, Clerk of the Superior Court, that whereas the defendants J. C. Sullivan, J. H. Ayers and J. H. McNeely, now in Court, have filed their petition before the undersigned, setting forth that a bill of indictment was returned into the Superior Court of Iredell County by the Grand Jury at the February Term, 1892, of said Court, charging said defendants with the offence of an assault and battery upon the person of one James Mitchell ; and whereas the said J. C. Sullivan, J. H. Ayers and J. H McNeely showeth in their said petition that

at the time of the alleged offence they were an officer and employee of the United States Government, employed by a Commission of the Collector of Internal Revenue of the United States for the Western District of North Carolina, said Sullivan being a deputy collector and the other defendants acting by his authority, and by virtue of such authority did the act complained of. Whereas, they have demanded in their said petition the removal of the aforesaid indictment into the Circuit Court of the United States of America for the Western District of North Carolina, under section 643 of the Revenue Statutes of the United States: Now, therefore, you are commanded to make known to the said Superior Court of North Carolina, by the delivering of a copy hereof to the Clerk of said Court, or by leaving it at his office, that the said cause is hereby removed for trial into the said Circuit Court of the United States next to be holden for the said District at Statesville on the 3d. Monday in April, 1892.

And that it is entered on the docket of said Circuit Court of the United States, and will be proceeded with as a cause originally commenced in said Court; and further, that it is required of said Superior Court of North Carolina to send to the said Circuit Court of the United States, distinctly and plainly under the seal of said Superior Court, a transcript of the record and proceedings in said cause in that case in that Court, with all the things touching the same, by whatever name the parties may be called, so that we may have them before the Judges of our said Circuit Court of the United States at the time and place aforesaid, to wit, at Statesville, on the 3d Monday in April, 1892; and further to do therefor what of right we shall see fit to be done. Herein fail not, and have you then and there this writ.

Witness, the Honorable Melville W. Fuller, Chief Justice of the United States, at Statesville, in said District, this the

12th day of February, 1892, and in the 116th year of the
Independence of the United States.

(Signed)               H. C. COWLES, *Clerk.*

By H. V. FURCHES, *Dep. Clerk.*

A true copy.

Teste: (Signed)   H. C. COWLES by H. V. FURCHES, *D. C.*

*The Attorney General*, for the State.
No counsel for defendant.

MERRIMON, C. J.—after stating the case as above, pro-
ceeded: The statute (Rev. Stat. U. S., § 643) provides that
" When any civil suit or criminal prosecution is commenced
in any Court of a State against any officer appointed under
or acting by authority of any revenue law of the United
States now or hereafter enacted, or against any person acting
under or by authority of any such officer, on account of any
act done under color of his office, etc., * * * the said suit
or prosecution may, at any time before the trial or final
hearing thereof, be removed for trial into the Circuit Court
next to be holden in the District where the same is pending,
upon the petition of such defendant to said Circuit Court,
and in the following manner: Said petition shall set forth
the nature of the suit or prosecution, and be verified by
affidavit; and together with a certificate signed by an attor-
ney or counsellor at law of some court of record of the State
where such suit or prosecution is commenced, or of the
United States, stating that, as counsel for the petitioner, he
has examined the proceedings against him, and carefully
inquired into all the matters set forth in the petition, and
that he believes them to be true, shall be presented to the
said Circuit Court, if in session, or, if it be not, to the Clerk
thereof at his office, and shall be filed in said office. The
cause shall thereupon be entered on the docket of the Circuit
Court, and shall proceed as a cause originally commenced

in that Court, but all bail and other security given upon such suit or prosecution shall continue in like force and effect as if the same had proceeded to final judgment and execution in the State Court. When the suit is commenced in the State Court by summons, subpœna, petition or another process, except *capias*, the Clerk of. the Circuit Court shall issue a writ of *certiorari* to the State Court, requiring it to send to the Circuit Court the record and proceedings in the cause. When it is commenced by *capias*, or by any other similar form of proceeding by which an arrest is ordered, he shall issue a writ of *habeas corpus cum causa*, a duplicate of which shall be delivered to the Clerk of the State Court, or left at his office by the Marshal of the District, or his deputy, or by some person duly authorized thereto, *and thereupon it shall be the duty of the State Court to stay all further proceedings in the cause, and the suit or prosecution, upon delivery of such process, or leaving the same as aforesaid, shall be held to be removed to the Circuit Court, and any-further proceedings, trial, or judgment therein in the State Court shall be void,"* etc.

The purpose of this statutory provision is to create jurisdiction in the Circuit Court of the United States, and to transfer to that Court the jurisdiction of State Courts in the classes of cases specified therein when such cases shall be removed as contemplated by it. It is hence very important, and should be strictly observed in all material respects. Such observance is the more important, as the method of removal prescribed does not require the Circuit Court to supervise and scrutinize applications for removal, unless it shall happen to be in session at the time the same shall be presented. The removal of causes is no doubt subject to abuses, and, as suggested, frequently prostituted with a view to evade and delay, rather than obtain justice on the part of the party professing to seek it. This statute has been the subject of much judicial criticism. Its validity as a whole and that of some of its material parts have been much

questioned.   But it is now settled that it is valid and opera-
tive.   It is therefore the duty of the Courts, both State and
Federal, in good faith, to give it effect in all proper cases.
*Tennessee* v. *Davis,* 100 U. S. 157; *Davis* v. *South Carolina,*
107 U S., 597; *State* v. *Hoskins,* 77 N C., 530.

The State Court will lose, be deprived of, and relinquish
its jurisdiction only in the case and in the way and manner
prescribed.   Courts do not readily give up or abandon their
jurisdiction of cases before them.   It is of their nature and
purpose to administer justice as contemplated and intended
by the laws of their creation and being.   It is not to be pre-
sumed that they are incapable, unjust or untrustworthy.   On
the contrary, the presumption is in their favor in all these
respects.   Hence, statutes depriving them of their jurisdic-
tion, particularly where it has already attached, are to be
strictly interpreted.

The present case is a criminal prosecution begun by indict-
ment and a *capias* whereby "a personal arrest is ordered."
It intends that the defendants shall be arrested and held in
close custody by the Sheriff, unless they shall give bail as
allowed by law.   In such case, if it be granted that the
defendants regularly and sufficiently presented their petition
for removal of the action to the Clerk of the Circuit Court
of the United States at his office, that Court not being in
session at that time, and that the Clerk duly filed it and
entered the case on the docket of that Court, the jurisdiction
of the latter was not then complete, nor was that of the State
Court over and at an end.   It then became necessary, in
order to completely and efficiently transfer the jurisdiction
from the State Court to the Circuit Court, for the Clerk of
the latter Court to "issue a writ of *habeas corpus cum causa,*
a duplicate of which should have been delivered to the Clerk
of the State Court, or left at his office, by the Marshal, his
deputy, or some person duly authorized to do so.   Thereupon
it would become the duty of the State Court "to stay all further

proceedings in the cause." This being done, the prosecu-
tion would "be held to be removed to the Circuit Court, and
any further proceedings, trial or judgment therein in the
State Court," would be void. The statute above recited so
expressly declares and provides. The case is not removed,
the State Court does not lose its jurisdiction, until the writ
last mentioned is so delivered to its Clerk. The State Court
cannot know of the intended removal, except in the way thus
prescribed. The statute, on purpose, prescribes such method
of procedure in case of criminal prosecution; and it in
like manner prescribes that "the Clerk of the Circuit Court
shall issue a writ of *certiorari* to the State Court," in case of
the removal of other causes of other classes, "requiring it to
send to the Circuit Court the record and proceeding in the
cause." These writs, and the proper service of them, are
essential to perfect the jurisdiction of the Circuit Court, and
put an end to that of the State Court. The method of
removal prescribed so expressly requires, and no other method
is prescribed in terms or by implication. Any other method
adopted by the Courts, for the sake of convenience, or to cure
irregular or defective procedure, would put a very delicate
subject, regulated by statute, at the discretion of the Courts,
and lead to intolerable confusion. The only just and toler-
able course is to observe the statute, at least, substantially in
all respects.

In the present case, the Clerk of the Circuit Court did not
issue a writ of *habeas corpus cum causa*, as he should have
done. The paper-writing he signed by his deputy, and had
served on the Clerk of the State Court, was not such writ in
form or substance, nor does it purport to be. It was not the
writ the law prescribed and required to be issued in such
cases, nor did it charge the State Court with notice, and put
an end to its jurisdiction of the prosecution. It is more like
a writ of *certiorari*, and was probably intended to be such,
but it was not addressed to the State Court or any of its offi-

cers; it was addressed to the Marshal of the District, commanding him to make known the facts recited. Such writs must be addressed to the parties commanded and required by them to do the matters and things therein specified to be done. The State Court was not bound to take notice of and treat the paper-writing delivered to its Clerk as the writ of *certiorari* (if that writ could have been appropriate in this case), prescribed by the statute. See appropriate forms of such writs in Dillon on Removal of Causes, p. 87; Spear on Removal of Causes, pp. 109, 110.

It appears that the petition of the defendants was not presented to the Circuit Court while it was in session, nor to the Clerk thereof at his office out of term time, but it was presented to his deputy, who filed it in the Clerk's office, and entered the cause on the docket of the Court. The Attorney General insisted, on the argument, that the deputy Clerk could not receive and pass upon and file the petition and the certificate of counsel accompanying it. The presentation of the petition is important—must be made to the Court, if it be in session, or to the Clerk in vacation time. The statute so expressly requires. To what end is this required? Obviously to the end the Court or Clerk may examine and allow it to be filed. It must be seen and adjudged that it is sufficient, upon its face, to serve the purpose contemplated by it. It must be, in substance, a petition alleging the essential facts, and accompanied by the certificate of counsel, and the Court or Clerk, as prescribed, must so determine. Granting that the deputy might act in the name of and for the Clerk in all matters simply ministerial in their nature, he could not do so in matters judicial in their nature, requiring the exercise of his official judgment and discretion, unless authorized to do so by statute. In such matters, the law charges the Clerk to act for and by himself, and not by another. In such case the action of the deputy would be void and of no legal effect.

While the Circuit Court or the Clerk must decide upon the sufficiency of the petition, and allow the same, if sufficient, it must appear by the writs issued to the State Court that the Circuit Court or Clerk allowed the petition; that it was filed and the cause entered upon the docket of that Court. Surely it cannot be that the Circuit Court has the authority to simply *command* the State Court to surrender its jurisdiction of an action and certify the record thereof to that Court. Such procedure would be absurd, monstrous and despotic! The process going from the Circuit Court to the State Court must state the substance of the ground of the authority of the former, and the purpose of the command of the writ. It is the writ thus framed and duly served that perfects the removal of the action, and puts an end to the jurisdiction of the State Court. The law does not invest the Circuit Court with arbitrary authority, nor does it intend to transfer the jurisdiction in particular cases from the State Court to that Court simply by the latter's command. The authority and pertinent action must appear in an orderly and authorized way. Here it did not appear that the Circuit Court in session, or the Clerk in vacation time, had allowed the petition of the defendants to be filed—the contrary appears by the paper-writing served upon the Clerk of the State Court. It appears that the Deputy Clerk of the Circuit Court allowed the petition and filed it. This he had no authority to do. It cannot justly or reasonably be said that the Circuit Court alone must decide that he had or had not such authority. The State Court must, in the very nature of the matter, decide that a writ came to it, the nature and purpose of the command contained in it, and that it upon its face came from lawful authority. If the writ should upon its face show that it was unlawful and void, it would not, could not, serve the purpose of the law, and the State Court would not, ought not, to recognize or act upon it. It is not sufficient to say that the Circuit Court would, in the course of procedure

afterwards, correct the error and remand the case. The State Court is possessed of judicial authority, and it is its duty to part with its jurisdiction of cases only in the cases and in the way prescribed by law. Moreover, it is within its jurisdiction and authority to interpret and apply statutes of the United States in appropriate cases, and such statutes are binding upon it in pertinent cases and connections. There is no conflict, in contemplation of law, between the United States and State Courts. Any seeming conflict arises from misapprehension and misapplication of the law, or from a willful purpose to pervert it. The State Court must decide that it has or has not jurisdiction, and pertinent questions in that respect. Its errors may be corrected in an orderly, lawful way, by an authoritative judicial tribunal. In this case, it decided that the case before it was not removed to the Circuit Court of the United States, and proceeded to try and dispose of it in the ordinary course of procedure, and we think it did so correctly.

Affirmed.