## PEOPLE OF STATE OF CALIFORNIA v. LAMSON.
### No. 25543–S.

District Court, N. D. California, S. D. Nov. 8, 1935.

Appeal Denied Nov. 12, 1935.

814

Leo R. Friedman, of San Francisco, Cal., and E. M. Rea, of San Jose, Cal., for defendant.

ST. SURE, District Judge.

David Lamson, the accused, is charged with having murdered his wife, Allene Thorp Lamson, in the county of Santa Clara, on May 30, 1933. He has twice been tried in the state court. In the first prosecution he was found guilty, but the Supreme Court of the State of California reversed the judgment of conviction and remanded the case for a new trial. People v. Lamson, 1 Cal.(2d) 648, 36 P.(2d) 361. In the second trial the jury disagreed. Before his third trial the accused applies to this court for an "Order for Issuance of Writ of Habeas Corpus Cum Causa." 28 U.S.C.A. § 75.

On October 26, 1935, Lamson, as complainant, filed in this court a bill of complaint for an injunction against "The Superior Court of the State of California, in and for the County of Santa Clara, and Robert R. Syer, as Judge thereof, defendants" (in Equity No. 3942-L). The proceeding was considered as ancillary to a petition filed in the state court to remove the criminal prosecution into this court under the provisions of 28 U.S.C.A. § 74. Atchison, T. & S. F. R. Co. v. Smith et al. (C.C.A.) 47 F.(2d) 223. As appears from the decision of my associate, Judge Louderback, Lamson v. Superior Court of State of California (D.C.) 12 F.Supp. 811, the bill set forth as grounds for removal:

"1. Local prejudice. 2. Denial of civil rights as set forth in the above section 74, because the Penal Code of the State of California, relative to the qualification of jurors, does not set forth as a ground of challenge or excuse for cause the ground that a prospective 'juror has been called, examined and excused—either by challenge for cause, peremptory challenge or otherwise—at a prior trial of said defendant for the same alleged offense.'" In passing upon the questions, Judge Louderback held, as to point 1, that "local prejudice is not ground for removal of the case to the federal court," citing Snypp v. State of Ohio (C.C.A.) 70 F.(2d) 535, and Ex parte Wells et al. 29 Fed.Cas. 633, No. 17,386. And as to point 2 the judge said: "It does not appear to the court from the petition, the authorities presented by the petitioner, or from any case reviewed by the court, that the petition for removal sets forth facts which would warrant the court in granting the relief here prayed." I am in accord with these views.

On November 4, 1935, the accused filed with the clerk of this court a number of typewritten papers, entitled: "In the Superior Court of the State of California, in and for the County of Santa Clara. The People of the State of California, Plaintiff, v. David Lamson, defendant," #24357-½ (numbered herein 25543-S). These papers purport to be "copies of papers and minutes in above-entitled action on petition for removal of cause to United States court, pursuant to the provisions of section 74, chapter 3 of the United States Code Annotated, title 28, Judicial Code and Judiciary." These papers are unaccompanied by petition or other pleading, and are unattested. Disregarding technicalities, however, I think the filing may be regarded as an attempt to "docket the case" as provided in said section 74, and both matters, Equity No. 3942-L and Criminal No. 25543-S, may be considered as a single proceeding.

Upon the filing of the papers in No. 25543-S, demand was made upon the clerk of this court to issue a writ of habeas corpus cum causa, which was refused, and the question now presented is whether the writ should be allowed and its issuance ordered.

The removal of this prosecution into the federal court is based upon sections 74 and 75 of title 28, U.S.C.A. Section

74 provides, in part, "when any civil suit or criminal prosecution is commenced in any State court, for any cause whatsoever, against any person who is denied or can not enforce in the judicial tribunals of the State, or in the part of the State where such suit or prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States * * * such suit or prosecution may, upon the petition of such defendant, filed in said State court at any time before the trial or final hearing of the cause, stating the facts and verified by oath, be removed for trial into the next district court to be held in the district where it is pending." Section 75 provides, in part, "When all the acts necessary for the removal of any suit or prosecution, as provided in section 74 of this title, have been performed, and the defendant petitioning for such removal is in actual custody on process issued by said State court, it shall be the duty of the clerk of said district court to issue a writ of habeas corpus cum causa."

These statutes are based upon the equal civil rights secured to citizens by the Fourteenth Amendment to the Constitution of the United States. A discussion of the statutes, their origin, meaning, and application, may be found in Ex parte Wells et al., supra; Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667; and Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633, 5 Ann.Cas. 692. In the latter case, 201 U.S. 1, at pages 36 and 37, 26 S.Ct. 387, 398, 50 L.Ed. 633, 5 Ann.Cas. 692, it is said: "that the words in § 641 [now 28 U.S.C.A. § 74]—'who is denied or cannot enforce in the judicial tribunals of the state'—have no application to any case where the rights secured to an accused 'by any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction of the United States,' *are recognized or are not denied by the Constitution or laws of the state in which the prosecution is pending."* (Italics supplied.)

■ The paramount question is whether this court has jurisdiction. The prosecution is for the crime of murder alleged to have been committed in the county of Santa Clara, state of California, by a person and at a place subject to the jurisdiction of the state court. The offense charged is against the authority and laws of the state of California. The statute (28 U.S. C.A. § 74) creates the jurisdiction of the federal court by removal only in certain specified classes of cases. Again quoting from Kentucky v. Powers, supra, 201 U.S. 1, at page 24, 26 S.Ct. 387, 50 L.Ed. 633, 5 Ann.Cas. 692, courts such as this, "which are created by written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction." There can be no removal unless warrant therefor be found in some act of Congress. "The state court will lose, be deprived of, and relinquish its jurisdiction only in the case and in the way and manner prescribed. Courts do not readily give up or abandon their jurisdiction of cases before them. It is of their nature and purpose to administer justice as contemplated and intended by the laws of their creation and being. It is not to be presumed that they are incapable, unjust, or untrustworthy. On the contrary, the presumption is in their favor in all these respects. Hence, statutes not in aid of, but depriving them of, their jurisdiction, particularly where it has already attached, are to be strictly interpreted." State v. Sullivan et al., 110 N.C. 513, 14 S.E. 796, 798.

■ Prior to the filing of the petition for removal in the state court, there were made, on behalf of accused, a motion for change of venue, and a challenge to the jury panel, both of which were denied and exceptions noted. In the petition for removal it is alleged "that the lists of prospective jurors (from which lists the panels for the trial of causes in said superior court in the county of Santa Clara are chosen) are selected by a jury commissioner"; that said jury commissioner furnished to the judges a list of the names of 626 persons alleged to be qualified to serve as trial jurors for the trial of civil and criminal actions in said court during the year 1935, and that it was from said list that the panel was selected from which the jury was drawn for the second trial of accused, and it is from said list of 626 names that the panel will be drawn from which the jury is to be selected for the third trial of accused; that on the 14th of October, 1935, the said court made its order directing that there be drawn from the list of jurors and the trial jury box containing said 626 names the names of 200 persons to serve at the trial of actions, including the third trial of accused, and directing that said 200 persons be summoned to appear for such jury duty; that included within the list of said 200 names "are the

names of 61 persons who have been called and examined as jurors at the first and second trials of defendant, * * * and that many of said jurors were challenged by the defendant herein at said first and second trials, either for cause or peremptorily; * * * that under the law defendant is entitled only to twenty peremptory challenges; that under the law it is not ground of challenge for cause that a prospective juror was called, examined, and peremptorily or otherwise challenged at a prior trial of the same action; * * * that in view of the fact that twenty or more whom defendant challenged at the first and second trials of this action are on said list, defendant will be forced and compelled to reserve the peremptory challenges allowed him by law in order to exercise them against those parties whom he exercised it against at the first and second trials"; that to select a jury from said list of 200 names will deny to accused "the right of a trial by jury as guaranteed to him by the Constitution of the State of California, and will deprive him of due process of law and of the equal protection of the laws as guaranteed to him by the Constitution of the State of California and the Constitution of the United States of America, and will result in denying unto defendant his right of twenty free and voluntary peremptory challenges, as insured to him by the statutes of this state, and will violate the spirit and letter of our laws which insure unto every defendant the right to be tried by a jury selected from a panel of presumably fair and unbiased persons."

The above allegations and statements of the accused's position contain their own refutation. Accused argues that he is deprived of "due process of law" and of the "equal protection of the laws," and at the same time admits that such rights are guaranteed and insured to him by the laws of California and the State Constitution. Furthermore, article 1, § 13, of the Constitution of the State of California provides: "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial; * * * no person shall be * * * deprived of life, liberty, or property without due process of law." This section is in scope and purpose identical with the Fourteenth Amendment to the Federal Constitution. Manford v. Menil Singh, 40 Cal.App. 700, 701, 181 P. 844. "Due process of law" means such an exertion of

the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs. Ex parte Ah Fook, 49 Cal. 402, 406.

No complaint is made against the laws of California prescribing the mode of summoning and selecting jurors in the trial of cases. Such laws are uniform in application and in no sense discriminatory. Under them all persons charged with crime have equal rights.

There have been summoned to appear for jury duty 200 persons, 61 of whom "have been called and examined as jurors at the first and second trials of defendant, and * * * many of said jurors were challenged by the defendant herein at said first and second trials, either for cause or peremptorily." Sixty-one subtracted from 200 leaves 139 jurors, apparently unobjectionable, from whom a jury might be drawn, and if this number is insufficient, there are the names of other presumably unobjectionable jurors originally selected by the jury commissioner; or, if necessary, the trial judge may issue special venires to complete the panel.

Obviously accused complains because he is fearful that the judge to preside at the impending trial will rule against any objections which may hereafter be made to jurors deemed incompetent for the reasons asserted. Such rulings are administrative and not legislative, and, if erroneous, may be corrected on appeal in the state appellate courts, or in the United States Supreme Court. The statutes (28 U.S.C.A. §§ 74, 75) are not directed against individual or judicial and administrative infringements thereof, but against legislative denial of rights secured. Kentucky v. Powers, supra, was a case which clearly involved substantial denial of justice. In that case the United States Supreme Court said that the constitutional provisions and the statutes of Congress upon which accused relies have reference to a system of laws which imposes restraint upon civil rights and equal protection, and that alleged discriminations and illegal acts, or even corrupt acts, not authorized by a state's system of laws, do not make a given case removable to federal courts of first instance, and that the remedy for wrongs of that character is to prosecute the case to the highest court of the state,

with the right ultimately of prosecution by writ of error in the Supreme Court of the United States, a court of broader constitutional power. White v. Keown (D.C.) 261 F. 814, 816. I am of the opinion that this court is without jurisdiction in the premises.

The situation herein described is the natural result of circumstances attending two trials of a notorious criminal case. The accused is seeing difficulties which will probably melt into thin air during the course of the impending trial. Should it be otherwise, and the rights of the accused be denied or invaded, appellate jurisdiction could correct the wrong, as witness the decision of the Supreme Court of the State of California, reversing the judgment of conviction in the first trial and remanding the case. People v. Lamson, supra.

Application denied.

### On Petition for Allowance of Appeal.

A petition is presented for the allowance of an appeal from the final decision of this court denying the application of David A. Lamson, the accused, for a writ of habeas corpus cum causa. The application for the writ was based on the federal statutes providing for the removal of a criminal prosecution from a state court into a United States District Court when it is shown that a person "is denied or can not enforce in the judicial tribunals of the State, * * * any right secured to him by any law providing for the equal civil rights of citizens of the United States." Sections 74 and 75, title 28, U.S. C.A. The procedure on appeal in habeas corpus is established by section 466, title 28, U.S.C.A., which provides that "no appeal to the circuit court of appeals shall be allowed unless the United States court by which the final decision was rendered or a judge of the circuit court of appeals shall be of opinion that there exists probable cause for an appeal, in which event, on allowing the same, the said court or judge shall certify that there is probable cause for such allowance." In my opinion accompanying the final decision of November 8th, I think I made it clear that there is no valid ground for the removal and that therefore this court is without jurisdiction. I see no reason to change either my views or my decision, and I am therefore of the opinion that there is not probable cause for the allowance of an appeal. The persistent effort to pitchfork this prosecution into the federal courts must be attributed to the blind zeal of the attorneys for the accused, for it has no justification in law. The proper judicial tribunal for the trial of the accused is within the jurisdiction of the state of California, where the criminal prosecution is pending, and where it should remain until final judgment.

Petition denied.