**BENNETT, Atty. Gen., et al. v. ROBERTS.**

District Court, W. D. New York.

Feb. 8, 1940.

John J. Bennett, Jr., Atty. Gen. (Donald J. Corbett, Asst. Atty. Gen., of counsel), for plaintiffs.

Sam Roberts, in pro. per.

KNIGHT, District Judge.

Defendant moves to remove this action from the Supreme Court, State of New York, to this court, under provisions of Section 74, Title 28 U.S.C.A. This action was brought under Section 1221-a of the Civil Practice Act of the State of New York to restrain the defendant from committing acts in the alleged practice of law in violation of Article 24 of the Penal Law of that state, Consol.Laws N.Y. c. 40. Suit was brought upon information by the Attorney General upon the relation of the Bar Association of Corning, New York. The defendant moved to dismiss the complaint on various grounds, including the ground that the Corning Bar Association was not an organization organized and existing under the laws of the state. Defendant moved in the alternative for .an order for a bill of particulars. All of defendant's motions were denied, except that for a bill of particulars. Subsequent motions were made relative to the service of the bill of particulars. An answer was served, and the suit was brought on for trial at an equity term of the Supreme Court. Defendant moved to put the case over the term upon the ground that the presiding justice was a member of the Corning Bar Association. This motion was denied, but an order was made referring the case to an official referee. Later, the plaintiff moved to substitute Ransom Pratt in the place of the Corning Bar Association as relator. Defendant moved to dismiss the complaint, and the court, over the defendant's objections, granted the motion to amend the title. Plaintiff next moved for leave to examine certain witnesses and the defendant. This motion was granted only as to witnesses other than the defendant. Defendant appealed from the order granting leave to amend, and the order for examination of witnesses. He was permitted by the Appellate Court to submit his appeal on typewritten papers. The last-mentioned orders of the Supreme Court were affirmed on appeal. Leave to appeal to the Court of Appeals was denied by the Appellate Division, and also by the Court of Appeals. The foregoing is a recital of substantially all of the proceedings heretofore had in the state court. The issue has not, been tried.

The defendant as a part of his petition includes a lengthy argument directed to show that the state courts erred in their decisions on all the foregoing questions submitted to them. Each point urged is followed by citation of many cases claimed to support the various contentions of the defendant made in the state courts. The defendant claims that the action of the state courts constitutes denial of equal protection of the law. The pertinent language of Section 74, supra, is, that "when any civil suit * * * is commenced in any State court, * * * against any person who is denied * * * any right secured to him by any law providing for the equal civil rights of citizens of the United States," upon petition such suit may be removed to the District Court.

The defendant mistakes his rights under Section 74. This section is based upon the equal rights secured by the Fourteenth Amendment to the Constitution of the United States. As was said in Ex parte Wells et al., 29 Fed.Cas. 633, at page 635, No. 17,386: the Fourteenth Amendment "only prohibits state legislation violative of said right; it is not directed against individual infringements thereof. * * * And when that provision in this law, which is transferred to section 641 of the Revised Statutes [28 U.S.C.A. § 74], gave the right to remove to the United States courts a cause commenced in a state court against a person who is denied * * * any of the rights secured by the act, it had reference to a denial of those rights or impediments to their enforcement, arising from some state law, statute, regulation or custom. It is only when some such hostile state legislation can be shown to exist, interfering with the party's right of defense, that he can have his cause removed to the federal court."

To the same effect are·: Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667; Bush v. Kentucky, 107 U.S. 110, 1 S.Ct. 625, 27 L.Ed. 354; In re Wood, 140 U.S. 278, 11

S.Ct. 738, 35 L.Ed. 505; Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L. Ed. 633, 5 Ann.Cas. 692; State of New Jersey v. Weinberger et al., D.C., 38 F.2d 298.

"Upon state courts equally as upon the federal courts rests the duty and obligation to enforce and protect every right granted and secured by the Constitution of the United States * * * and it is settled that comity requires that such questions be decided by the state courts in the first instance." Snypp v. State of Ohio, 6 Cir., 70 F.2d 535, 537.

"When the constitution and laws of a state, as interpreted by its highest judicial tribunal, do not stand in the way of the enforcement of rights secured equally to all citizens of the United States, the possibility that, during the trial of a particular case, the state court may not respect and enforce the right to the equal protection of the laws, constitutes no ground, under the statute, for removing the prosecution into the circuit court of the United States in advance of a trial." Gibson v. Mississippi, 162 U.S. 565, 16 S.Ct. 904, 907, 40 L.Ed. 1075.

Here the defendant complains of adverse decisions made and in effect says he anticipates future adverse decisions. The following language in People of the State of California v. Lamson, D.C., 12 F.Supp. 813, 816, is applicable here: "Obviously accused complains because he is fearful that the judge to preside at the impending trial will rule against any objections which may hereafter be made * * *. Such rulings are administrative and not legislative, and, if erroneous, may be corrected on appeal in the state appellate courts, or in the United States Supreme Court. The statutes (28 U.S.C.A. §§ 74, 75) are not directed against individual or judicial and administrative infringements thereof, but against legislative denial of rights secured."

The construction of Section 74, supra, urged by the defendant would open the door to the removal of a multitude of cases based upon certain rulings of a state court and upon the unsupported conclusion that such rulings would continue. The ultimate end of such a construction would be to make this an appellate court from rulings and decisions of state courts in every type of a suit.

Motion to remove must be denied.

The defendant asks that this court assign him counsel for his defense in the action in the state court in case the motion to remove is denied and that plaintiff be ordered to file the transcript of certain testimony taken in the state courts. Petitioner applies as a poor person, but since this court does not assume jurisdiction, it has no right to direct an act presupposing jurisdiction. Such an application must be directed to the state court. Such motion is denied.