**WRIGHT & MORRISSEY, Inc. v. BURLINGTON LOCAL NO. 522, INTERNATIONAL HOD CARRIERS, BLDG. & COMMON LABORERS UNION OF AMERICA et al.**

Civ. 1304.

United States District Court
D. Vermont.
July 24, 1952.

Black & Wilson, of Burlington, Vt. (Philip H. Hoff, Burlington, Vt., of counsel), for the plaintiff.

Joseph S. Wool and John J. Boylan, Jr., of Burlington, and John W. King, of Manchester, N. H., for the defendants.

GIBSON, District Judge.

This case is before the Court on plaintiff's Motion to Remand to the Court of Chancery for and within the County of Chittenden, State of Vermont.

On or about the 30th day of May, 1952, the plaintiff filed in the Court of Chancery for the County of Chittenden a Bill of Complaint, in Equity, in which application was made for a temporary injunction and a permanent injunction to enjoin the defendants from the continuance of the picketing alleged by it in its complaint, and for damages to the plaintiff sustained as a result of such picketing and for such other relief as to the Court may seem meet on hearing.

On the 17th day of June, 1952, the defendants, by regular and timely proceedings, removed the complaint to this Court.

On July 5, 1952, the plaintiff filed in this Court its Motion to Remand the case to the Vermont Court for the reason that this Court lacked original jurisdiction to hear the cause.

Section 1441(a), Title 28 U.S.C.A., authorizes removal from the State Court to the United States District Court of "any civil action * * * of which the district courts of the United States have original jurisdiction * * *."

There being no diversity of citizenship in this case, the sole question is whether or not this case arises under the Constitution and laws of the United States. Title 28 U.S.C.A. § 1331. This question must be decided on the basis of whether or not the plaintiff's statements of his own case are based on a federal question unaided by the answer or by a petition for removal. The fact that in the subsequent proceedings in the case, it is possible or probable that a federal question will arise is not a basis to support federal jurisdiction. Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126.

The Bill of Complaint alleges, in substance, that the plaintiff is engaged in the general contracting business and was in the process of erecting a building in Burlington, Vermont, to be used as the Vermont Public Health Laboratory pursuant to a contract between the plaintiff and the State of Vermont. The defendant union is an unincorporated association with its principal place of business in Burlington, and defendants DeLoy and Roy are its President and Business Agent, respectively. During the month of March, 1952, defendant Roy approached Eugene F. Morrissey, Jr., President of plaintiff corporation, and proposed to the plaintiff that it enter into a contract with the defendant union whereby the plaintiff would be required to hire as common or ordinary laborers only persons who were members of defendant union and that such common or ordinary laborers employed by the plaintiff who did not wish to join said union would have to be discharged by the plaintiff. Plaintiff declined to enter into such contract and thereafter the defendant Roy, acting for the union, requested plaintiff's permission to interview the laborers employed by the plaintiff in an effort to persuade them to join the union. Defendant Roy did interview many laborers but, for the most part, the laborers declined to join the union. Thereupon, in an attempt to compel the laborers of the plaintiff to join the union and to compel plaintiff to enter into a "closed shop" contract with the union and to prevent laborers of the plaintiff from earning their livelihood with the plaintiff unless they made payments to the union, the union, on May 27, 1952, caused the defendants Benoit, Labounty, Riley and DeLoy to parade on or near the premises where the plaintiff is constructing the State of Vermont Public Health Laboratory, with signs to the effect that the plaintiff is "unfair to organized labor" and otherwise to harass the plaintiff and to harass and intimidate its employees in an effort to prevent the employees from working on said job. The signs are false and known to be false by the defendants. Defendant Plankey has aided and abetted and is aiding and abetting the conduct of the other defendants. None of the individual defendants is an employee of the plaintiff nor is the plaintiff involved in any sort of labor dispute whatsoever with any of its employees. As a result of the acts of the defendants, some employees of the plaintiff other than its laborers, have declined, and are still declining, to report for work on the Public Health Laboratory job for the reason that they fear to do so because of possible recrimination against them individually. Defendants Roy and Plankey have threatened not only to continue picketing the Public Health Laboratory construction but also to perform similar acts at other jobs of the plaintiff. Furthermore, plaintiff has at no time opposed any of his laborers joining the defendant union or any other union and would gladly consent to an election by his laborers to decide if they wish to join the union or any other similar organization or union, but the defendant union has not requested nor, upon plaintiff's information and belief, does it desire such election for the reason that it fears that the laborers of the plaintiff will not

vote for said union and therefore defendants are maliciously conspiring and acting to force the plaintiff, and the laborers employed by it, to accept said union whether or not it is the desire of the laborers employed by the plaintiff to join said union.

The only questions involved in the Motion to Remand to the State Court are, does "the matter in controversy * * * (arise) under the Constitution, laws or treaties of the United States." Title 28 U.S.C.A. § 1331, or do the acts come under the provisions of the National Labor Relations Act or the Labor-Management Relations Act, Title 29 U.S.C.A. § 141 et seq. The answer to both of these questions is "No". Just as in the complaints in the case of H. N. Thayer Co. v. Binnall, D.C., 82 F.Supp. 566, 569, it can here be said that, "Plaintiffs in their complaints have nowhere expressly laid claim to any right or remedy given them by any federal law. They contend that their complaints are based solely on alleged unlawful interference with their contractual rights and right to do business as given them by the common law of Massachusetts, and that they ask only the remedy of injunction traditionally available to them under the equity jurisdiction of the courts of that state. A fair interpretation of their bills of complaint shows that that is the only cause of action which they purport to set forth. To construe these bills as stating a cause of action which plaintiffs may have under federal law, but which they have elected not to pursue, would be a tortured interpretation of them which I cannot adopt."

Furthermore, there is no allegation of interference with interstate commerce nor of facts which amount to such interference in plaintiff's complaint and it cannot be said that interstate commerce is affected by the acts alleged. Since this is true, Section 185 of Title 29 U.S.C.A., the Labor-Management Relations Act does not confer jurisdiction on this Court. Even if interstate commerce were involved, the complaint does not show any "violation of contracts between an employer and a labor organization", another reason for this Court's not taking jurisdiction under that Act.

Insofar as the National Labor Relations Act is concerned, Section 101 of Title 29 U.S.C.A., makes it clear that this Court has no original jurisdiction of the matter set forth in the complaint.

There are, moreover, no facts alleged in the complaint nor can any be inferred therefrom which would warrant this Court's taking jurisdiction on the ground that the complaint shows the defendants to have been deprived of their constitutional rights of freedom of speech or freedom to assemble. Building Service Employees International Union, Local 262, et al. v. Gazzam, 339 U.S. 532, 70 S.Ct. 784, 94 L.Ed. 1045.

This is clearly a case where the plaintiff has sought common law relief in the State Courts of the State of Vermont. It has not tried to take advantage of any rights which may be granted to it under federal law. It seeks merely common law injunctive relief and damages available to it at equity should it there prevail. While it may be true that the plaintiff could have proceeded through the N.L.R.B., it has not done so and this Court cannot say that it was required to so do.

Case remanded to the Court of Chancery for the County of Chittenden, State of Vermont.