**Floyd Ardell ADAMS et al., Plaintiffs,**

v.

**STATE OF CALIFORNIA, The Reclamation Board, Sacramento and San Joaquin Drainage District, Pacific Gas and Electric Company; North American Weather Consultants, and Does 1–50, Inclusive, Defendants.**

**Civ. No. 7806.**

United States District Court
N. D. California, N. D.

Sept. 1, 1959.

Goldstein, Barceloux & Goldstein, and Reginald M. Watt, Chico, Cal., for plaintiffs.

Stanley Mosk, Atty. Gen., and John Robert Burton, Deputy Atty. Gen., for defendants.

HALBERT, District Judge.

There is before the Court a motion by plaintiffs to remand this action to the Superior Court of the State of California, in and for the County of Sutter, from which court the case was removed by the State of California and two of its agencies, the Reclamation Board and the Sacramento and San Joaquin Drainage District (hereinafter referred to collectively as the State).

The parties are in agreement as to the bare text to be applied when considering a motion to remand where, as here, a basis for diversity jurisdiction is lacking. The action must be " * * * founded on a claim or right arising under

the * * * laws of the United States" (28 U.S.C.A. § 1441(b)). This test is, essentially, the same one made to determine the fact of original jurisdiction (Western Union Tel. Co. v. Ann Arbor R. Co., 178 U.S. 239, 20 S.Ct. 867, 44 L.Ed. 1052, and Defiance Water Co. v. City of Defiance, 191 U.S. 184, 24 S.Ct. 63, 48 L.Ed. 140). There is, however, a sharp conflict over the effect of this test as applied to the facts of the instant case.

■■ The State, on the one hand, contends that the causes of action asserted against it arise under acts of Congress in that recovery is sought for damage allegedly resulting from the escape of flood waters from what is commonly known as the Sacramento Flood Control Project, which project was planned, constructed, operated and maintained under the authority and control of the Federal Government (See: e. g., 58 Stats. 887 and 900). Plaintiffs, on the other hand, point out that their complaint is couched solely in counts of tort, for negligence, absolute liability and nuisance, and of inverse condemnation, and maintain that this action, and any recovery, would be maintainable and determined by State law alone. As a preliminary to resolving this conflict, it should be noted that jurisdiction must be found in the allegations of the complaint, and the facts as they stand therein. If the plaintiffs have not claimed a Federal right, the State cannot claim it for them, for the plaintiffs are masters of their claims (St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845). Viewing only the words of the complaint, it is obvious that no Federal question is raised by allegations of tort and inverse condemnation. Proper analysis cannot, however, rest there. If the basic right asserted is one based on Federal law, then removal is proper, whether or not the complaint expressly states that the right sought to be enforced is a Federal one. It is the real nature of the claim, and not the characterization given it by plaintiffs which must govern the disposition of this matter (Strauss v.

Schweizerische Kreditanstalt, D.C., 45 F.Supp. 449).

The name Sacramento Flood Control Project aptly describes both the nature and the function of the project in which the Federal Government participated under the authority granted by the commerce clause. The terms of all Federal legislation concerning the project has been specifically approved by the State (West's Ann.Calif.Water Code § 8350 et seq. and § 12570 et seq.). The State was not forced, in any legal sense, to approve of, or participate in, the project. The authorizing Federal statutes required action by the State, only in the sense that if the State failed to participate by providing a proportionate share of the necessary funds, and by assuming certain responsibilities, no action would be taken by the Federal Government.

■ From this simplified statement of the Federal and State statutory enactments, it can be readily seen that the project was a plan participated in by both the Federal and State Governments, with a concurrent sharing of cost and responsibility. From this it becomes clear that the true nature of any liability on the part of the State for tort, or for inverse condemnation, is dependent upon the exact part played by the State, and only incidently involves consideration of the Federal statutes concerning the project (Compare: Bellaire, Benwood & Wheeling Ferry Co. v. Interstate Bridge Co., 4 Cir., 40 F.2d 323, certiorari denied 282 U.S. 861, 51 S.Ct. 35, 75 L.Ed. 762, and Produce Terminal Realty Corp. v. New York, N. H. & H. R. Co., D.C., 116 F.Supp. 451).

■ Apart from the Federal statutes directly concerned with the Sacramento Flood Control Project, the State also contends that Title 33 U.S.C.A. § 702c, which denies liability on the part of the United States for damage from or by floods or flood waters, is sufficient to grant original jurisdiction to this Court. It is argued that to the extent that the activities complained of are the responsibility of the United States, rather than the State, the nonliability carries over

to the State. This argument is somewhat confusing as the United States is not a party to the action. In any event, Title 33 U.S.C.A. § 702c is, by its very terms, defensive. It is settled that an action does not arise under Federal law if a Federal question enters only by way of defense, and this would be true even had plaintiffs attempted to anticipate such a defense in their complaint (Metcalf v. City of Watertown, 128 U.S. 586, 9 S.Ct. 173, 32 L.Ed. 543, and State of Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511. See also: Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194).

While it is obvious that portions of the Federal law will enter into the ultimate decision in this matter, this alone is insufficient to confer jurisdiction upon this Court. The question of jurisdiction must be decided as of the time a case first seeks entry into the Federal system, on the facts appearing at that time. Under the facts so appearing, it must be held that neither party's right depends on Federal law, and so the case does not arise under Federal law (Osborn v. Bank of United States, 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204, and Cohens v. Commonwealth of Virginia, 6 Wheat. 264, 19 U.S. 264, 5 L.Ed. 257).

The State has also directed the Court's attention to the fact that there is presently pending before it an action by plaintiffs against the United States, alleging the same damages and causes therefor, into which action the State has been interpleaded by the United States as a third party defendant. For this reason the State has requested that any remand be delayed until a decision has been reached in the action involving the United States in order to avoid duplicating proceedings. As between Federal and State Courts, Federal law has long tolerated overlapping proceedings in many situations. No general rule of Federal law requires a Federal Court to abate or stay a proceeding otherwise within its jurisdiction merely on a plea of prior action pending in a State Court (Stanton v. Embrey, 93 U.S. 548, 23 L.Ed. 983). The State has cited no authority, nor has this Court found any, which would authorize any delay in granting plaintiffs' motion to remand in this, a converse situation. Where, as here, the controversy is not over a specific *res*, but is *in personam*, the application of *res adjudicata* will resolve any possible factual conflict which might arise between two courts acting on the same matter (See: Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226).

It is, therefore, ordered that this action be, and the same is, hereby remanded to the Superior Court of the State of California, in and for the County of Sutter, for all further proceedings. The Clerk of this Court is authorized and directed to take any and all steps, and perform any and all acts, necessary to complete the transfer of this case in accordance with this order.