**LEVITT AND SONS, INC., a New York Corporation**

v.

**PRINCE GEORGE COUNTY CONGRESS OF RACIAL EQUALITY, Washington Chapter of the Congress of Racial Equality, CORE, Richard Ochs, Alfred L. Ochs, Donald Hughes, Philip E. Morris, Reinhart B. Gutmann, Julius Hobson, Jane Doe, and Richard Roe.**

Civ. No. 14942.

United States District Court
D. Maryland.

Sept. 17, 1963.

Joseph M. Roulhac, Baltimore, Md. (Richard W. Case and Smith, Somerville & Case, Baltimore, Md., on the brief), for plaintiff.

Fred E. Weisgal, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Plaintiff has moved to remand to the Circuit Court for Prince George's County, Maryland, this suit in equity for an injunction which plaintiff filed in that court.

Defendants' petition for removal alleges that "this is a civil action brought in a State Court of which the United States District Courts have original jurisdiction because of diversity of citizenship; and in addition, this action is one of which the District Courts of the United States are given original jurisdiction under Section 1331 of Title 28 of the United States Code and removal jurisdiction under section[s]. 1441 and 1443 of the U. S. Code, in that it is an action of a civil nature at law which involved at the time of the commencement thereof and now involves a claim or right arising under the laws of the United States, to wit: the First and Fourteenth Amendments to the United States Constitution."

The bill of complaint for injunction filed in the Circuit Court on August 16, 1963, alleges that plaintiff is presently building, developing and selling a large number of single-family homes on its property located in the Belair subdivision, Bowie, Prince George's County, Maryland; that defendants are participating in, carrying on and conducting massive demonstrations, mass picketing, disorderly "sit-ins" and other unlawful activities on and in the immediate vicinity of plaintiff's property, including blocking the sidewalk in front of and barring the entrance of customers to plaintiff's sales office, eating, drinking, sleeping and engaging in disorderly conduct therein, and invading, occupying and engaging in disorderly conduct in plaintiff's five model homes adjoining the sales office; that defendants and/or their leaders have refused to cease these activities after having been requested by plaintiff to do so, and have "served notice" in the public press and on the officers and employees of plaintiff that they will continue and substantially increase such activities.

Exhibits attached to the bill of complaint and made a part thereof indicate that defendants' purpose is to force plaintiff to sell homes to Negroes, which plaintiff is unwilling to do unless and until all builders are forced or required by governmental action to sell to any financially qualified purchaser, regardless of race or color.

The bill of complaint prays for an "ex parte order * * * granting the following relief to the plaintiff:

"1. Enjoin until further hearing defendants" and others having notice of the order "from the following unlawful activities and conduct:

"(a) From picketing, demonstrating or gathering against or in protest of plaintiff on Sussex Lane", in the Belair subdivision;

"(b) From trespassing on plaintiff's property" in that subdivision;

"2. Order the local law enforcement officials, including the Sheriff of Prince George's County, Maryland, and the Prince George's County Police, to remove defendants from Sussex Lane, in the Belair subdivision, Bowie, Prince George's County, Maryland, and from plaintiff's property if they persist in refusing to leave after notice of an order embodying the requests in this prayer.

"3. And for such other and further relief as to the Court may seem necessary

and proper, including damages in excess of $100,000.00."

Upon that bill of complaint the Circuit Court forthwith entered an order which enjoined,[1] until further hearing:

(1) The named defendants, except Jane Doe and Richard Roe, "from picketing, demonstrating, making loud and raucous noises, or gathering in protest of or against plaintiff and otherwise trespassing on plaintiff's private property at Belair, Bowie, Prince George's County, Maryland".

(2) All persons associating or acting in concert with said defendants or acting on their behalf or under their instructions, leadership and directions, or at their request, from picketing, etc. as in (1).

(3) The persons specified in (1) and (2) from making or causing loud, raucous or boisterous noises or otherwise acting in a disorderly manner upon any public street, sidewalk or highway adjoining plaintiff's private property and also from impeding or blocking pedestrian or vehicular traffic on any public street, sidewalk or highway adjoining plaintiff's private property so as to interfere with their use by plaintiff's employees, customers or other persons transacting business with plaintiff.

On August 23, 1963, pursuant to a motion to modify and extend the injunction, accompanied by affidavits, the Circuit Court entered an order extending the ex parte injunction until September 5, 1963. None of the defendants had theretofore appeared, but their petition for removal was filed later the same day.

Section 1441 provides in pertinent part:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Since it appears from the petition for removal that some of the individual defendants are citizens of Maryland, the action cannot be removed on diversity grounds.

Defendants claim, however, that this is a civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution and laws of the United States. The question whether an action is removable as one involving a federal question depends upon whether the cause of action set forth by the plaintiff is one arising under federal law. Jurisdiction is not conferred by the fact that the defendant may rely upon federal law as a matter of defense. The question must be decided on the basis of what appears in the complaint well pleaded, unaided by anything in the answer or petition for removal. Produce Terminal Realty Corp. v. New York, N. H. & H. R. Co., D.Mass., 116 F.Supp. 451; Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; 1 Moore's Federal Practice, 2d ed., 630–31. In the Gully case, the Supreme Court said: "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." 299 U.S. at 112, 57 S.Ct. at 97, 81 L.Ed. 70.

1. Plaintiff was required to file a bond in the amount of $2,000.

If plaintiff has not claimed a Federal right, defendants cannot claim it for them. Adams v. State of California, N.D.Cal., 176 F.Supp. 456. On the other hand, if the basic right asserted is one based on Federal law, then removal is proper, whether or not the complaint expressly states that the right sought to be enforced is a federal one. It is the real nature of the claim, and not the characterization given it by plaintiff which must govern. Adams v. State of California, supra; Produce Terminal Realty Corp. v. New York, N. H. & H. R. Co., supra; Strauss v. Schweizerische Kreditanstalt, S.D.N.Y., 45 F.Supp. 449, 450.

It is true, as counsel for defendants argues, that plaintiff must have known that defendants would claim that their alleged activities are justified by the First and Fourteenth Amendments. But such knowledge would not mean that the cause of action alleged by plaintiff is founded on a claim or right arising under the Constitution or laws of the United States. As in Wright & Morrissey, Inc. v. Burlington Local No. 522, D.Vt., 106 F.Supp. 138, "[t]his is clearly a case where the plaintiff has sought common law relief in the State Courts of the State of [Maryland]. It has not tried to take advantage of any rights which may be granted to it under federal law. It seeks merely common law injunctive relief and damages available to it at equity should it there prevail."

Section 1443 provides:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

The right of removal under sec. 1443 is narrower than the grant of original jurisdiction in sec. 1343. The cases interpreting sec. 1443 and its predecessor statute hold that the denial of civil rights must be by State constitution or statute. Denials by illegal, corrupt or prejudicial acts of executive or judicial officers of a State are not sufficient grounds for removal. Commonwealth of Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633; White v. Keown, 1 Cir., 261 F. 814; Bennett v. Roberts, W.D.N.Y., 31 F.Supp. 825; State v. Murphy, W.D.La., 173 F.Supp. 782; Rand v. Arkansas, W.D.Ark., 191 F.Supp. 20.

Defendants have referred to no provision of the Maryland Constitution nor to any Maryland statute or municipal ordinance which denies them any civil right relevant to this case, and the Court knows of no such provision, statute or ordinance. Their counsel argues that the issuance of the temporary restraining order amounts to State action, within the meaning of such cases as Lombard v. Louisiana, 373 U.S. 267, 83 S.Ct. 1122, 10 L.Ed.2d 338.[2] However, Kentucky v. Powers and the other cases cited in the preceding paragraph show that this argument cannot justify removal. If defendants believe that the order of the State trial court deprives them of their constitutional rights, they have a right of appeal to the Court of Appeals of Maryland, and ultimately may seek review by the Supreme Court of the United States. The State courts, as well as the Federal courts, are bound to protect rights guaranteed by the Constitution of the United States. Of course,

2. In this connection it should be noted that the State court did not include in its order the mandatory injunction directed to State law enforcement officers requested by the second prayer in the bill of complaint.

nothing said herein is intended to intimate any opinion of this Court as to the merits of the case or the propriety of the ex parte order.

The motion to remand must be granted.